TRINIDAD, INSULAR COLLECTOR OF INTERNAL REVENUE OF THE PHILIPPINE ISLANDS, *v.* SAGRADA ORDEN DE PREDICADORES DE LA PROVINCIA DEL SANTISIMO ROSARIO DE FILIPINAS.

CERTIORARI TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 53.   Submitted October 5, 1923.—Decided January 14, 1924.

The Income Tax Act of October 3, 1913, excepted any corporation " organized and operated exclusively for religious, charitable, . . . or educational purposes, no part of the net income of which inures to the benefit of any private stockholder or individual."

*Held,* that a corporation sole, organized, in the Philippines, for those purposes, and holding all its property therefor, was not taxable on income, used exclusively for those purposes, and derived mainly from rents from its lands, interest from its money lent, and dividends on stocks of private corporations in which its funds were invested, and in small part from occasional sales of such stocks and from sales of wine and other articles, purchased and supplied for use in its churches, schools and other agencies as an incident to its work.   P. 581.

42 Phil. Rep. 397, affirmed.

CERTIORARI to a judgment of the Supreme Court of the Philippines affirming a judgment for the respondent in its action to recover money paid under protest as a tax on income.

*Mr. Grant T. Trent, Mr. Logan N. Rock* and *Mr. F. Granville Munson* for petitioner.   *Mr. Nelson T. Hartson* was also on the brief.

*Mr. Gabriel La O* for respondent.   *Mr. Alfredo Chicote* and *Mr. José Arnaiz* were also on the brief.

Mr. Justice Van Devanter delivered the opinion of the Court.

This was an action to recover money paid under protest as a tax on income. The plaintiff prevailed in the Philippine courts, both trial and appellate, 42 Phil. 397, and the case is here on certiorari, 260 U. S. 711.

The tax was levied under paragraphs G (a) and M of § II of the Act of October 3, 1913, c. 16, 38 Stat. 172, 180, requiring every corporation, not within defined exceptions, to pay an annual tax, computed at a specified rate, on its entire net income from all sources. The exceptions covered, among others, any corporation " organized and operated exclusively for religious, charitable, scientific, or educational purposes, no part of the net income of which inures to the benefit of any private stockholder or individual." The plaintiff insisted it was within this exception, and the Philippine courts so ruled.

The case was heard on a stipulation stating:

" That the plaintiff is a corporation sole constituted under sections 154 to 164 of Act No. 1459 of the Philippine Commission, and is organized and operated for religious, benevolent, scientific and educational purposes in these Islands and in its Missions in China, Cochinchina and Japan, and that neither its net income nor part of its rents from wl ɩ tever source it may come is applied to the benefit of any particular stockholder or individual, or of any of its members, and that no part of the whole or of some of its temporal properties belong to any of its members, who have no rights to the same, even in case of dissolution of the corporation.

" That the dividends and interests or profits and expenses which appear in Exhibit 1 of the defendant as the income of the plaintiff, constitute the income derived from the investments of the capital of the plaintiff corporation, which was invested, in the year 1913, nearly in the man-

ner and form specified in Exhibit 2 of the defendant, and
that the rents appearing in Exhibit 1 were derived from
the properties which together with their valuations appear
in Exhibit 3 of the defendant."

The second paragraph of the stipulation is rather ob-
scure and the exhibits are in a very condensed form, but
all are elucidated by the opinions below and the briefs
here. They mean, when read with these aids, that the
plaintiff has large properties in the Philippines, consisting
of real estate, stocks in private corporations and money
loaned at interest, all of which are held and used as sources
from which to obtain funds or revenue for carrying on
its religious, charitable and educational work; that the
bulk of its income consists of rents, dividends and interest
derived from these properties; that the rest of its income
is relatively small and comes from alms for mass, profits
from occasional sales of some of its stocks, and sums re-
ceived, in excess of cost, for wine, chocolate and other ar-
ticles purchased and supplied for use in its churches, mis-
sions, parsonages, schools, and other subordinate agencies.
The proportions in which these several items contributed
to its income for the year covered by the tax in question
are shown in the margin.[1]

The defendant concedes that the plaintiff is organized
and operated for religious, charitable and educational pur-
poses and that no part of its net income inures to the ben-
efit of any stockholder or individual, but contends that

---

[1] Rents...................... (pesos)    90, 092. 70
Dividends.........................    96, 465. 54
Interest..........................    54, 239. 19
Sale of stocks....................       250. 80
Sale of wine......................     2, 711. 15
Sale of chocolate.................     3, 219. 21
Sale of other articles............     1, 249. 10
Alms for mass.....................     6, 475. 00
                                     _____
                           (pesos)  254, 702. 69

it is not " operated exclusively " for those purposes, and therefore is not within the exception in the taxing act. Stated in another way, the contention is that the plaintiff is operated also for business and commercial purposes in that it uses its properties to produce income, and trades in wine, chocolate and other articles. In effect, the contention puts aside as immaterial the fact that the income from the properties is devoted exclusively to religious, charitable and educational purposes, and also the fact that the limited trading, if it can be called such, is purely incidental to the pursuit of those purposes, and is in no sense a distinct or external venture.

Whether the contention is well taken turns primarily on the meaning of the excepting clause, before quoted from the taxing act. Two matters apparent on the face of the clause go far towards settling its meaning. First, it recognizes that a corporation may be organized and operated exclusively for religious, charitable, scientific or educational purposes, and yet have a net income. Next, it says nothing about the source of the income, but makes the destination the ultimate test of exemption.

Evidently the exemption is made in recognition of the benefit which the public derives from corporate activities of the class named, and is intended to aid them when not conducted for private gain. Such activities cannot be carried on without money; and it is common knowledge that they are largely carried on with income received from properties dedicated to their pursuit. This is particularly true of many charitable, scientific and educational corporations and is measurably true of some religious corporations. Making such properties productive to the end that the income may be thus used does not alter or enlarge the purposes for which the corporation is created and conducted. This is recognized in *University* v. *People,* 99 U. S. 309, 324, where this court said: " The purpose of a college or university is to give

youth an education. The money which comes from the sale or rent of land dedicated to that object aids this purpose. Land so held and leased is held for school purposes, in the fullest and clearest sense." To the same effect is *Methodist Episcopal Church, South, v. Hinton,* 92 Tenn. 188, 200. And in our opinion the excepting clause, taken according to its letter and spirit, proceeds on this view of the subject.

The plaintiff, being a corporation sole, has no stockholders. It is the legal representative of an ancient religious order the members of which have, among other vows, that of poverty. According to the Philippine law under which it is created, all of its properties are held for religious, charitable and educational purposes; and according to the facts stipulated it devotes and applies to those purposes all of the income—rents, dividends and interest—from such properties. In using the properties to produce the income, it therefore is adhering to and advancing those purposes, and not stepping aside from them or engaging in a business pursuit.

As respects the transactions in wine, chocolate and other articles, we think they do not amount to engaging in trade in any proper sense of the term. It is not claimed that there is any selling to the public or in competition with others. The articles are merely bought and supplied for use within the plaintiff's own organization and agencies,—some of them for strictly religious use and the others for uses which are purely incidental to the work which the plaintiff is carrying on. That the transactions yield some profit is in the circumstances a negligible factor. Financial gain is not the end to which they are directed.

Our conclusion is that the plaintiff is organized and operated exclusively for religious, charitable and educational purposes within the meaning of the excepting clause.

*Judgment affirmed.*