Campbell, Chief Justice,
delivered the opinion of the court:
This is a suit by certain individuals as trustees of Hut-terische Church to recover an amount of income and excess-profits taxes paid by Hutterische Gemeinde Elmspring, a corporation, upon income for the year 1917. The corporation was organized in 1897 under the laws of South Dakota and was dissolved by action of its members in November, 1923. A copy of its articles of incorporation is attached to the stipulation of facts' upon which the case has been submitted. These articles provide, among other things, that the corporation may be dissolved with the consent of two-thirds of all its members. The Hutterische Church is, according to the stipulation, “ the successor to ” this corporation. A declaration of trust executed by the trustees in July, 1923, recited that they have been duly selected by the members “ to take and hold the legal title to all of the real and personal property ” of the corporation and all other property of the Hut-terische Church, and that the property has been conveyed to them “ for the use, maintenance, support, and benefit of all of the members of said society and church and their dependent families and their successors * * * so long as they live a community life and us'e the same as community property.” The trustees are “ to care for, protect, farm, cultivate, and raise grain, crops, produce, and stock thereon ■as may be required by said members.”
The claim here, as already stated, is for a refund of taxes paid by the corporation, afterwards dissolved. Its property, as stated in the articles of incorporation, should “ forever be owned, us'ed, occupied, and possessed by said corporation for the common use, interest, and benefit of each and all the members thereof, for the purposes of said corporation during the time and so long as they remain members thereof.” The property of the individual members acquired by gift or purchase after they became members or held when they became members was to be the property of the corporation for the common use, interest, and benefit of all of the members. *683 It is declared that each and every member of the corporation shall devote all his time, labor, Services, and earnings to the corporation without compensation or reward except as expressed, and it is provided that the members shall be entitled to and have their husbands, wives, and children who are not members reside with them and “be supported, maintained, instructed, and educated ” according to the rules of the corporation, and the Christian religion and belief promoted by the corporation. During the year 1917 this corporation held title to about 18,000 acres of land. It engaged in agriculture and rais'ed wheat, rye, oats, corn, cattle, hogs, horses, sheep, and poultry. It owned flour mills, blacksmith shops, broom works, harness and shoe shops, and a bakery. Its gross income from sales to the public from the sources mentioned was about $225,000. After deducting all allowable deductions its income for 19.17 was $145,969.50, upon which the taxes here sought to be recovered were assessed and paid. The question is whether this corporation was exempt from taxation under the provisions of the revenue act of 1916, as amended by the revenue act of 1917, 39 Stat. 766, as follows:
“Sec. 11 (a). That there shall not be taxed under this title any income received by any * * *
“ Sixth. Corporation or association organized and operated exclusively for religious, charitable, scientific, or educational purposes, no part of the net income of which inures to the benefit of any private stockholder or individual.”
We think that the recital of the purposes of the corporation excludes it from the class exempted by the statute. It is distinctly different from that of Trinidad v. Sagrada Orden, 263 U. S. 578, where the stipulation was in the first place that the plaintiff was a corporation solely organized and operated for religious, benevolent, scientific, and educational purposes in the Philippine Islands and elsewhere and, secondly, “ that neither its net income nor part of its rents from whatever source it may come is applied to the benefit of any particular stockholder or individual or of any of its members.” Conceding these things, the defendant contended that the corporation was not “ operated exclusively ” for the purpose above enumerated. In effect, say the court (p. 581), the contention puts aside as immaterial the fact that the *684 income from the property was devoted exclusively to religious, charitable, and educational purposes. Construing the exempting clause it is said: “ First, it recognizes that a corporation may be organized and operated exclusively for religious, charitable, scientific, or educational purposes and yet have a net income. Next, it says nothing about the source of the income but makes the destination the ultimate test of exemption.” If there may still be a corporation sole under American law, it is quite pla,in that the corporation whose income was taxed in the present case is not one. Its property was controlled by a board selected by its members, and the stipulation found in the Trinidad case, supra, relative to income is not only absent from the present case, but the facts show that the income as well as the property was in large degree held for the common use and benefit of its members to be used for their support and maintenance, and also for the support, maintenance, and education of the heirs of deceased members. Certainly it may not be said that no part of the net income inured to the benefit of any individual. It was for the benefit of its members. Nor can it be said that such a corporation was operated exclusively for a religious purpose withjn the meaning of the exemption clause in the act mentioned.
The petition should be dismissed. And it is so ordered.
Moss, Judge; Graham, Judge; and Booth, Judge, concur. ■