*422 OPINION.
SteRNHagen :
The income of the trust established by the decedent is taxable by virtue of the Revenue Act of 1921, section 219. In determining such taxable net income a deduction, without limitation, is allowed by subdivision (b) of “ any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214.” Section 214 (a) (11) provides for the deduction of:
(11) Contributions or gifts made within the taxable year to or for the use of: * * * (B) any corporation, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including posts of the American Legion or the women’s auxiliary units thereof, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; * * *
The respondent disallowed any deduction in respect of the income credited by petitioner to the Home because, while conceding that such amounts were paid or permanently set aside for the corporation and that the corporation was organized for a charitable purpose, in his view the corporation was not during the year in question operated for such purpose and hence was not within the description of the statute. He contends that since during the taxable year the Home building was not yet constructed and the Home was not in fact dispensing charity, but was only preparing to build and fulfill its charitable purpose, it was not yet so operated. He cites no authority for this interpretation and insists that the decision in Morgan v. Nauts, 6 Am. Fed. Tax Rep. 8011, which is contrary, is not correct.
The deduction was given in the statute to encourage charitable contributions. Bowers v. Slocum, 20 Fed. (2d) 350. The fact pointed out by respondent that during the course of legislation the Revenue Bill of 1918 was altered so as to restrict the deduction granted in the House bill of amounts paid or set aside for charitable purposes to one of amounts paid or set aside for corporations organized and operated for such purposes would signify primarily, in our opinion, a limitation to corporations and the exclusion of unincorporated charities. The qualifying words “organized and operated” were, we think, meant to require that its operations at all stages should carry out its exclusively charitable purpose, that both the organization and its' operations should be harmoniously in accord with such purpose, and that a corporation is not within the category merely because it is so *423 organized if in fact its operations are other than charitable. The charitable destination of its income is the test rather than the immediate manner of its receipt. Trinidad v. Sagrada Orden De Predicadores, 263 U. S. 578; Unity School of Christianity, 4 B. T. A. 61. Its conservation during a wise consideration of how best to fulfill the charitable purpose is not at variance with the clear legislative purpose of the deduction, and the statute should not be so narrowly read as to exclude situations so plainly within its beneficent intendment.
The respondent reads the act as if the Home itself must b„e organized and operated. Instead, section 219 (b) refers to the purpose and manner specified in 214 (a) (11), and the latter section refers to the corporation as necessary to be organized and operated. Clearly a corporation is operated for charitable purposes within the meaning of this statute when it actively sells some of its property in order to invest it more suitably for the charitable purpose of its creation and also employs an architect and otherwise engages in preliminary research to carry forward its main project of building and maintaining a charitable home.
We agree with the decision in Morgan v. Nauts, supra, and hold that the amounts which the the petitioner paid to or set aside for the charitable corporation in 1922 are deductible. Jones v. Conn, 155 N. E. 791, cited by respondent, construing the personal-property-tax exemption of Ohio, is not controlling of the construction of the Federal statute before us.

Judgment wül be entered wider Pule SO.