*454 OPINION.
Sternhagen:
The Revenue Act of 1984, like every revenue act since 1909, carries the following provision:
SEO. 101. EXEMPTIONS FROM TAX ON CORPORATIONS.
Tie following organizations shall be exempt from taxation under this title—
(1) Labor, agricultural, or horticultural organizations.
The petitioner claims to be a “labor * * * organization” within the meaning of the statute.
The statutory term has never been defined and has never been put in issue. It was applied by the Solicitor of Internal Revenue in the latter part of 1924 to exempt a corporation engaged in publishing a labor paper the expenses of which were borne by “labor organizations.” S. M. 2558, III-2 C. B. 207. The rationale was that the “labor organizations” bearing the expense could have printed and distributed the paper themselves without impairing their exemption and hence the exemption was available to their corporate instrument which did no more.
The evidence here shows a similar situation. The labor unions and councils owned all petitioner’s capital stock, and its building was wholly devoted to their purposes and uses. That these unions and councils were themselves “labor organizations” intended to be covered by the exemption does not admit of any doubt; that they might themselves have owned and operated the labor temple building without forfeiting their exemptions is also plain, and hence there is reason to treat their separate corporate agency as an exempt “labor organization”, as long at least as it confines its circumstances and activities within such limits. The incidental use of the facilities of the building by casual guests to the negligible extent shown by the evidence does not militate against this opinion. Trinidad v. Sagrada Orden de Predicadores, 263 U. S. 578.
The term “labor * * * organization” is not easy to define either connotatively or denotatively. The word “organization” appears in application to three classes — labor, agricultural and horticultural, and is therefore not a technical word nor is it part of “labor organization” as a term of art. It has no such specific limitations as would a statutory definition like that appearing in section 2, subdivision (5), of the National Labor Relations Act, 49 Stat. 449. It is freely used in common speech. See American Steel Foundries v. Tri-City Central Trades Council, 257 U. S. 184, 195, 208; National *455 Labor Relations Board v. Jones & Laughlin Steel Corporation, 301 U. S. 1; National Labor Relations Board v. Fruehauf Trailer Co., 301 U. S. 49; National Labor Relations Board v. Pennsylvania Greyhound Lines, Inc., 303 U. S. 261. The term has been used continuously for 30 years to bestow tax exemption, and it never has been found desirable by Congress to qualify it or by the administrator to give it a narrowing interpretation. There is no occasion to attempt a definition now. It bespeaks a liberal construction to embrace the common acceptation of the term, including labor unions and councils and the groups which are ordinarily organized to protect and promote the interests of labor. The petitioner, we think, was within such a category during the years 1934 and 1935, and was therefore exempt from tax.

Decision will he entered for the petitioner.