*678 OPINION.
Smith :
The petition filed in this proceeding alleges error upon the part of the respondent as follows:
(a) Determination that petitioner is not exempt under § 101, Revenue Act of 1934.
(b) Including as taxable income amounts contributed to a segregated fund used only as a disability and death benefit fund for the petitioner.
Section 101 of the Revenue Act of 1934 provides in part as follows:
The following organizations shall be exempt from taxation under this title—
(1) Labor, agricultural or horticultural organizations;
*******
(6) Corporations, * * * organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, ⅜ * * no part of the *679 net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;
(7) Business leagues, chambers of commerce, real-estate boards, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual.
On brief the petitioner argues that it falls under one or more of the classifications above referred to. It is organized as a nonprofit organization under the laws of California and one of its objects is to bring together cinematographic artists “in order that by the free and untrainmeled interchange of ideas and experiences the Art of Cinematography shall be advanced.”
Although the activities of the organization partake somewhat of the nature of a labor organization and of a business league, we think that the organization properly falls in the class of corporations organized and operated exclusively for scientific purposes. If it properly falls in that class, it is not to be denied exemption from tax because its activities to some extent show it to be a labor organization or a business league.
In his deficiency notice the respondent does not state the grounds for denying exemption from income tax. On brief he contends that the petitioner is not entitled to exemption as a corporation organized and operated exclusively for scientific purposes because of the fact that it publishes a monthly magazine called “The American Cinematographer”, from which it derived a small amount of income during the taxable year ended March 31, 1936.
The evidence shows that this magazine was at its inception an organ for the dissemination of scientific information to its members. This membership was not limited to persons living in Los Angeles or the immediate vicinity. The problems which were met by the directors of photography or first cameramen were not problems restricted to the directors of photography in the studios which centered in the Los Angeles area. The magazine is concerned exclusively with the publication of articles which are of assistance to its members and to news cameramen throughout the world. It was never expected that the magazine would be operated at a profit to the membership and the evidence shows that over a period of 14 years it operated at a loss of $2,333.92.
The courts have uniformly held that the destination of the income rather than the source is the ultimate test of exemption. See Trinidad v. Sagrada Orden De Predicadores, 263 U. S. 578. In that case the collector claimed that a religious corporation had lost its exempt status because it owned and operated large properties in the Philippines, consisting of real estate and stocks in private corporations, and loaned money at interest. The Supreme Court held, however, that *680 the corporation was operated exclusively for religious purposes and that it did not lose its exempt status because it realized profits from certain enterprises which were devoted to the objects of the order. The destination of the income was held to be the factor of prime importance.
In Unity School of Christianity, 4 B. T. A. 61, the respondent contended that the corporation was not exempt from tax because it had been formed under the business corporation law of Missouri and that because it published various magazines and operated a cafeteria, farm, reading room and library, it was not exempt from tax. We reversed the respondent’s determination.
Roche’s Beach, Inc. v. Commissioner, 96 Fed. (2d) 776, involved the question of whether a corporation organized for the purpose of being the medium through which a charitable foundation could operate property and collect the income therefrom was exempt from taxation. The function of the corporation consisted of operating a bathing beach business of 3,000 bath houses, which were rented to transient bathers and accommodated as many as 6,000 bathers a day. The income of the corporation for 1931 was more than $85,000. In determining that the corporation was exempt, the court held that, while to gain exemption the corporation must be operated as a charitable corporation and no part of its earnings could inure to the benefit of any private shareholder, yet the exemption statute should not be narrowly construed. To the same effect see Sand Springs Home, 6 B. T. A. 198.
We do not think that the petitioner is to be denied exemption from tax because of the publication of a magazine, the American Cinematographer. The publication of the magazine was necessary for the advancement of the art of cinematography. It was not published for profit.
The respondent also points to the fact that the petitioner made assessments upon its members for the purpose of establishing a fund for the payment of a benefit to totally disabled members and, in the case of the death of a member, to such member’s family or beneficiary. He contends that such an activity is incompatible with the petitioner’s claim that it ,is operated exclusively for scientific purposes.
In Harrison v. Barker Annuity Fund (C. C. A., 7th Cir.), 90 Fed. (2d) 286, the question before the court was whether a corporation organized for nonpecuniary purposes under the statutes of Illinois was exempt from tax. The United States District Court held it to be exempt from tax. The United States Circuit Court of Appeals affirmed. A part of the income from the corporation was used to pay pensions to employees of the Haskell & Barker Car Co., in which Katherine Barker Spaulding, the principal donor of the funds, had *681 had a very substantial interest. The donor no longer had any interest in the formerly existing Haskell & Barker Co. She was related in no way to the beneficiaries and knew none or few of them, but was inspired to reward the faithful employees of the company which had ceased to exist. The court held that the corporation was operated exclusively for charitable purposes within the meaning of the statute.
We think that the petitioner did not forfeit its claim to exemption because of the operation of the emergency fund. It was merely incidental to the general purposes of the organization. Moreover, it is to be noted that the petitioner acted merely as a trustee of the emergency fund.
Since the petitioner contends that not only is it not liable for any deficiency but is entitled to a refund of the tax paid,

Decision will be entered under Rule SO.