**CITY CLUB OF MILWAUKEE v. UNITED STATES.**

**No. 366.**

District Court, E. D. Wisconsin.

Aug. 15, 1942.

Wood, Warner & Tyrrell and Richard H. Tyrrell, all of Milwaukee, Wis., for plaintiff.

B. J. Husting, Dist. Atty., of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

The plaintiff brings this action to secure a refund of social security taxes paid during the calendar years 1936 and 1937 under the Social Security Act of 1935 (Public Act 271, 74th Congress; Title 42 U.S.C.A. § 301 et seq.).

The issue involved is whether the plaintiff was exempt from the payment of such taxes by reason of Section 907 (c) (7), Title IX of the Social Security Act, which exempts a corporation organized and operated exclusively for charitable, scientific, literary, or educational purposes.

Title IX of the Social Security Act, 42 U.S.C.A. § 1101 et seq., levies an excise tax on certain employers with respect to having individuals in their employ. It is often referred to as the Unemployment Insurance Tax because employers who are subject to the federally approved State unemployment insurance law receive a 90% exemption from this tax. Section 907 (c) (7) provides:

"The term 'employment' means any service, of whatever nature, performed within the United States by an employee for his employer, except— * * *

"Service performed in the employ of a corporation, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual; * * *."

The City Club of Milwaukee was organized under Wisconsin laws as a non-stock, non-profit corporation. Its articles provide that no dividend or pecuniary benefit shall be declared to its members. Article I of its articles of incorporation provides: "The purpose and object of this corporation shall be to secure a closer union and cooperation among citizens who sincerely desire to study municipal affairs, acquire and disseminate accurate information concerning the same, and generally to promote in a practical and effective way, better social, civic and economic conditions; * * *" The objects and purposes of the club are carried out through committees of its members. The only paid officer of the club is the civic secretary who handles the administrative work of the various committees.

The club has ten civic committees, to wit, Public Finance, Consolidation, Committee Policies, City Planning, City Charter, Harbor and Terminals, Public Education, Public Safety, Public Utility, and Roadside Im

674

provement. In addition, the club is active in various fields of study through other groups, such as the Camera Club, Bird Club, Garden Club, Outdoor Life Club, and Art Club. The club undertakes an extensive lecture program each year. Sixteen lectures were presented in 1936, and twenty-four in 1937.

During 1936 and for seven and one-half months of 1937, the offices and meeting rooms of the club were located in the Empire Building in Milwaukee; since September 13, 1937, the club has leased the second floor at 756 North Milwaukee Street, Milwaukee. As a general proposition the facilities at both locations were quite similar. At each location the club maintained a kitchen and restaurant and served meals to its members at noon and in the evening.

The activities of the club are financed principally by the dues of the members. The restaurant was operated during the years 1936 and 1937 for the convenience of the members of the club and of the committees thereof, but at a considerable financial loss. A very small profit was made in each year from the operation of the candy and cigar counter.

The Industrial Commission of Wisconsin is in charge of the administration of the Wisconsin Unemployment Compensation Law. Section 108.02 (e) (9) of the Wisconsin Statutes of 1935 is very similar to the provisions of Section 907 (c) (7) of the Social Security Act of 1935. The Wisconsin act provides that "employment" shall not include: "9. Employment of any person by a corporation, community chest, fund, foundation or association, organized and operated not for profit but exclusively for educational, charitable, religious, scientific or literary purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual; * * *."

On February 24, 1936, the Industrial Commission ruled that the City Club came within the exemption provided by said section, and that it was organized and operated not for profit, but exclusively for educational purposes. The Wisconsin Unemployment Compensation Act has been certified by the Social Security Board as meeting the requirement of the federal Social Security Act.

On March 5, 1927, this court rendered a decision in an action for the recovery of taxes levied on dues and fees of the City Club by Section 801 of the Revenue Acts of 1918 and 1921, 40 Stat. 1121, 42 Stat. 291. This court found " * * * that the said club has for its predominant purpose philanthropic social service and the advancement of the civic and economic interests of the community within the meaning of Regulations 43 of the United States Treasury Department * * *."

The City Club has been held exempt from federal income tax by reason of Section 101 of the 1936 Revenue Act, 26 U.S.C.A. Int. Rev.Code § 101, and under previous revenue acts; likewise it is not subject to the Wisconsin income tax law. Section 71.05 (1) (d), Wisconsin Statutes, provides an exemption under which plaintiff is classified: "Income * * * of all religious, scientific, educational, benevolent or other corporations or associations of individuals not organized or conducted for pecuniary profit."

The exemption provision in Section 907 (c) (7) of the Social Security Act has been given a liberal construction so that the purposes of the provision to favor and encourage such organizations is carried out. Jones v. Better Business Bureau of Oklahoma City, Inc., 10 Cir., 123 F.2d 767, 769; Hassett v. Associated Hospital Service Corp. of Massachusetts, 1 Cir., 125 F.2d 611, 616; Oklahoma State Fair and Exposition v. Jones, D.C., 44 F.Supp. 630. These cases pointed out that the exemption provision in question is similar to that contained in Section 101(6) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 101(6), which has likewise been liberally construed. Trinidad v. Sagrada Orden de Predicadores, 263 U.S. 578, 44 S.Ct. 204, 68 L.Ed. 458; Faulkner v. Commissioner of Internal Revenue, 1 Cir., 112 F.2d 987.

In view of the beneficent purposes of the Social Security Act to protect employees, there might be considerable force in the contention that a different rule of construction should be applied; but as a practical matter, no social purpose that Congress had in mind would be fulfilled by the enforcement of this tax against the plaintiff. Title IX levies an excise tax upon employers and does not make any provision for unemployment insurance. Such insurance is provided by the Wisconsin law under which the plaintiff has previously been held to be an educational organization and, therefore, exempt.

A determination must therefore be made whether the plaintiff was operated during the years in question exclusively for charitable, scientific, or educational purposes within the meaning of Section 907 (c) (7) of Title IX of the Social Security Act, liberally construed.

An important part of the activities of the City Club has been to study and recommend improvements in the methods of government in both the city and county of Milwaukee; to create public interest in the same, with particular effort to secure a simplification in government; and to promote efficiency in the administration of government affairs. The City Club, through its committees, has investigated all phases of city and county affairs. In fact, the testimony shows that the advice of the club has been sought by city and county officials.

Practically all of the members of the City Club are residents of Milwaukee County. They have devoted considerable time in the organized study of the problems of government. Such study certainly comes within the real meaning of "educational". To increase the knowledge of citizens as to questions of government in order that a more efficient system of government may be put in operation is certainly an educational activity. The Wisconsin Industrial Commission which administers the State social security law has properly classified the club's activities as educational.

Gifts in trust made for purposes similar to the City Club have been sustained as valid charitable trusts, and by analogy it might be well said that the City Club is also a charitable organization. However, I prefer to base this decision upon the various activities of the club, which I consider to be educational.

The only point left to consider is whether the plaintiff is organized and operated exclusively for one of the exempt purposes. The government points out the fact that meals are served and that a cigar and candy counter is operated.

The testimony shows that one of the main purposes of the meals is to get the committees together at noontime, and they hold their meeting immediately after the conclusion of the meal. Evening meals are usually in connection with some lecture or other educational activity. The meals are a means of bringing the members together for a consideration of questions before the club. No profit has ever been made for the club by the operation of this department. Such activities are incidental and entirely subordinate to the principal purposes required by the statute in order to make the plaintiff exempt. Oklahoma State Fair and Exposition v. Jones, supra.

In the Trinidad case, supra, the Supreme Court, in upholding an exemption in spite of the occasional sales of wine, chocolate, and other articles, said (263 U.S. at page 581, 44 S.Ct. at page 205, 68 L.Ed. 458): "* * * In effect, the contention puts aside as immaterial the fact that the income from the properties is devoted exclusively to religious, charitable and educational purposes, and also the fact that the limited trading, if it can be called such, is purely incidental to the pursuit of those purposes, and is in no sense a distinct or external venture." Another case where incidental activities were held not to take the taxpayer out of the exempt class is Linderman v. Driscoll, 26 F.Supp. 565.

It follows that plaintiff is entitled to judgment.