OPINION. Leech, Judge: Petitioner contends that it is a corporation exempt from tax under section 101 (6) and (14) of the Internal Revenue Code.[1] The respondent contends that petitioner does not qualify under either of said subsections. Petitioner was formed under the Kentucky Revised Statutes for religious, educational and charitable purposes. Its charter provides that it is organized and shall be operated exclusively for religious, charitable and educational purposes, and that all of its assets and earnings shall be used exclusively for those purposes, and no part of its net earnings shall inure to the benefit of any private shareholder or individual. It received a certificate of incorporation as a nonstock and nonprofit organization on October 9,1944. A corporation, to be entitled to exemption from tax under section 101 (6) must establish that it is both organized and operated exclusively for one of the purposes specified in the statute. While the charter of a corporation is conclusive as to the purpose for which it was organized, it does not control the fact as to whether it was operated exclusively for such purposes. Whether it was so operated is to be-determined from the facts and circumstances established in each particular case. Cf. Underwriters’ Laboratories, Inc., 46 B. T. A. 464, affd., 135 Fed. (2d) 371, certiorari denied, 320 U. S. 756. The repondent contends that exemption should be denied petitioner because the facts warrant the inference that petitioner’s organization was part of a prearranged plan of its incorporators to take advantage of the exemption provisions of the Internal Revenue Code with respect to contributions to exempt corporations, and to maintain a fund which could be used to further the purposes of the individuals creating petitioner. Petitioner concedes that the amounts it received in 1944 from the respective donors were determined on a basis of what the statute permitted as deductions as contributions to exempt corporations as defined in section 101 of the code. We think no unfavorable inference may be drawn from the fact that individuals accept the benefits the law specifically grants. The statute in granting exemptions to corporations prescribes certain tests which must be met. We are to determine whether this petitioner qualifies. In view of the provisions of its charter, we think no reasonable argument can be made that petitioner was not organized exclusively for purposes specified in section 101 of the code. As to whether it was so operated poses a different problem. We. therefore, examine this phase of respondent’s contention. The facts set forth in our findings clearly show that the corpus of petitioner was invested in amply-secured mortgage notes of certain enterprises either owned or controlled by either some or all of the individuals who were acting as directors of petitioner during the taxable years involved. Do such circumstances require us to deny exemption to petitioner on the ground that it was not operated exclusively for the purposes specified in the statute? We think not. One of the tests prescribed in subdivision (6) of section 101 of the Code is that no part of the net income of a corporation claiming exemption from tax shall inure “to the benefit of any private shareholder or individual.” This limitation may indicate that Congress was concerned primarily with the use of the net income rather than with the manner and character of its investments. The destination of the income is more significant than its source. Trinidad v. Sagrada Orden de Predicadores, 263 U. S. 578. All of the petitioner’s investments in the enterprises of its members and directors were in mortgage notes bearing 6 per cent and secured by properties of more than twice the value of the face of the notes. As such, we think they were unquestionably reasonable investments. That they were reasonable investments is also shown by the fact that the National Life and Accident Insurance Co., of Nashville, Tennessee, loaned petitioner large sums at 4y2 per cent interest on the security of such mortgage notes, and the further fact that an oificer of the Kentucky Trust Co. testified that he had made an investigation of the notes and was completely satisfied they were a sound investment and would be attractive to trustees seeking to invest trust funds. If a corporation is otherwise qualified, we do not think the statute requires a denial of exemption because its corpus was invested in debenture bonds and mortgage notes of enterprises controlled by its founders, where the investments are amply secured and bear a reasonable interest rate, as shown by this record. The Revenue Act of 1950 supports this view. That act adds a new section (3813) to Chapter 38 of the Code, applicable to certain corporations defined in section 101 (6).[2] Petitioner is a corporation to which the amendment is applicable. Subdivision (b) of section 3813 defines six “Prohibited Transactions” which require a denial of exemption, if such prohibited transactions are engaged in by such corporation seeking exemption. The prohibited transactions defined in subsection (b) do not include transactions of the character in which this petitioner engaged. If it can be gathered from a subsequent statute in pari materia what meaning the Congress attached to the words of a former statute, such may amount to a legislative declaration of the meaning of the entire statute and control its construction. Sheaffer Pen Co. v. Lucas, 41 Fed. (2d) 117; United States v. Phez Co., 28 Fed. (2d) 106; Blackard v. Jones, 62 Fed. Supp. 234. The character of petitioner's investments, in the taxable years involved, therefore does not warrant the conclusion that it was not operated exclusively for religious, educational, and charitable purposes. Petitioner was incorporated under the Eevised Statutes of Kentucky pertaining to religious, educational, and charitable corporations. Its charter limited its activities exclusively to such purposes. In the taxable years petitioner was not engaged in any commercial enterprise in competition with nonexempt business corporations. It was not a feeder corporation of the character involved in the case of C. F. Mueller Co., 14 T. C. 922, which was held not exempt under section 101 (6) of the Code. The respondent further contends that petitioner was not operated exclusively for religious, educational and charitable purposes because it distributed the sum of $300 to the Manual-Male Memorial F und in 1946, and in 1947 distributed $399.50 to Stratford S. Goin. The facts and circumstances with respect to these distributions appear in our findings of fact. Obviously, we think, the distribution to the Manual-Male Memorial Fund was one for educational and charitable, purposes benefiting the public and not individuals. Weyl v. Commissioner, 48 Fed. (2d) 811, 812; St. Louis Union Trust Co. v. Burnet, 59 Fed. (2d) 922, 926. ■ With respect to the distribution to Goin, the record establishes 10 individuals contributed to petitioner in 1947 the sum of $415, which was specifically earmarked for distribution by petitioner to Goin in monthly payments. Goin was not a member of petitioner. The distribution made to Goin was less than the amount contributed for such specific purpose; thus no part of petitioner’s net income was distributed to an individual. It is clear that in making such distribution to Goin, petitioner was merely the agent of those 10 individuals for that specific purpose. The action of petitioner as such agent was not a part of its general charitable purpose, but was not sufficiently substantial to deprive petitioner of its exempt status under section 101 (6). Cf. American Society of Cinematographers, Inc., 42 B. T. A. 678, 681. It has been stipulated that all other distributions by petitioner in each of the taxable years involved were made for charitable purposes, and that no part of its activities was carrying on propaganda or otherwise attempting to influence legislation. We conclude that petitioner has met all the tests prescribed in section 101 (6) of the Code to qualify it as a tax-exempt corporation in each of the taxable years in question. In so holding we find it unnecessary to determine whether petitioner also qualified as an exempt corporation under subdivision (14) of section 101, as petitioner requests us to do. The collateral issue as to petitioner’s liability for penalties for failure to file timely returns in the respective taxable years is mooted. Reviewed by the Court. Decision will he entered for the petitioner. SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS. The following organizations shall be exempt from taxation under this chapter— * * ***** (6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation; (14) Corporations organized for the exclusive purpose of holding title to property, collecting Income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this chapter; SEC. 3813. REQUIREMENTS FOR EXEMPTION OF CERTAIN ORGANIZATIONS UNDER SECTION 101 (6) AND FOR DEDUCTIBILITY OF CONTRIBUTIONS MADE TO SUCH ORGANIZATIONS. (a) Organizations to Which Section Applies. — This section shall apply to any organization described in section 101 (6) except— (1) a religious organization (other than a trust) ; (2) an educational organization which normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on; (3) an organization which normally receives a substantial part of its support (exclusive of income received in the exercise or performance by such organization of its charitable, educational, or other purpose or function constituting the basis for its exemption under section 101 (6)) from the United States or any State or political subdivision thereof or from direct or indirect contributions from the general public; (4) an organization which is operated, supervised, controlled, or principally supported by a religious organization (other than a trust) which is itself not subject to the provisions of this section ; and (5) an organization the principal purposes or functions of which are the providing of medical or hospital care of medical education or medical research. (b) Prohibited Transactions. — Por the purposes of this section, the term “prohibited transaction” means any transaction in which an organization subject to the provisions of this section— (1) lends any part of its income or corpus, without the receipt of adequate security and a reasonable rate of interest, to ; (2) pays any compensation, in excess of a reasonable allowance for salaries or other compensation for personal services actually rendered, to; (3) makes any part of its services available on a preferential basis to; (4) makes any substantial .purchase of securities or any other property, for more than adequate consideration in money or money’s worth, from ; (5) sells any substantial part of its securities or other property, for less than an adequate consideration in money or money's worth, to; or (6) engages in any other transaction which results in a substantial diversion of its income or corpus to ; the creator of such organization (if a trust) ; a person who has made a substantial contribution to such organization ; a member of the family (as defined in section 24 (b) (2) (D)) of an Individual who is the creator of such trust or who has made a substantial contribution to such organization ; or a corporation controlled by such creator or person through the ownership, directly or indirectly, of 50 per centum or more of the total combined voting power ot all classes of stock entitled to vote or 50 per centum or more of the total value of shares of all classes of stock of the corporation.