**UNITED STATES of America, Appellant,**

v.

**FORT WORTH CLUB OF FORT WORTH, TEXAS, Appellee.**

**No. 21090.**

United States Court of Appeals
Fifth Circuit.

June 29, 1965.

Estes, District Judge, dissented.

the panel of a grand or petit jury by selection of talesmen.

Gilbert E. Andrews, Atty., Dept. of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., John B. Jones, Jr., Acting Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Lee A. Jackson, Harry Baum, Timothy B. Dyk, Attys., Dept. of Justice, Washington, D. C., H. Barefoot Sanders, U. S. Atty., T. Gary Cole, Jr., Asst. U. S. Atty., Dallas, Tex., for appellant.

Harry C. Weeks, Fort Worth, Tex., for appellee.

Before BROWN and WISDOM, Circuit Judges, and ESTES, District Judge.

PER CURIAM:

The Court has carefully considered all of the contentions raised in the petition for rehearing and its supporting brief.

We wish to clarify a matter that was, perhaps, ambiguous in our original opinion: In reversing the decision of the district court, we held only that the Fort Worth Club, because of its substantial and recurrent outside business income, is not entitled to exemption from income tax as a social club under section 501(c)(7) of the Internal Revenue Code of 1954. We did not hold, and we do not mean to imply, that the refund claimed by the taxpayer is, or is not, due. If the Fort Worth Club is to be taxed as a business enterprise, it is, of course, entitled to all the deductions and tax benefits of such an enterprise. The district court, since it allowed the exemption, did not pass on the losses and financial adjustments that the taxpayer now urges. These matters are for the district court to decide on remand.

In addition, we wish to make a correction in the original opinion. We strike the second paragraph of Section III reading as follows:

"We begin with the general proposition that tax exemptions, except those of charitable organizations, are to be construed strictly.[2] Here the legislative history urges a particularly strict construction for the exemption of social clubs. The Corporation Excise Tax Act of 1909,[3] imposing the first modern corporate income tax, exempted from tax religious, charitable, and educational organizations 'no part of the profit of which inures to the benefit of any private stockholder or individual, but all of the profit of which is in good faith devoted to the said religious, charitable, or educational purposes'. It was the uses to which their profits were put that earned exemption for charitable corporations. Trinidad v. Sagrada Orden, 1924, 263 U.S. 578, 44 S.Ct. 204, 68 L.Ed. 458."

In its place we substitute the following paragraph:

"We begin with the general proposition that tax exemptions, except those of charitable corporations, are to be construed strictly.[2] Here the legislative history urges a particularly strict construction for the exemption of social clubs. The Corporation Excise Tax Act of 1909,[3] imposing the first modern corporate income tax, contained a provision exempting 'any corporation or association organized and operated exclusively for religious, charitable, or educational purposes, no part of the net profit of which inures to the benefit of any private stockholder or individual.' The Senate debate over this exemption provision reveals plainly the legislators' awareness that certain organizations they were exempting carried on highly profitable outside business activities. 44 Cong. Record 4149–4157 (1909). It was the uses to which their profits were put that earned exemption for charitable corporations. Trinidad v.

Sagrada Orden, 1924, 263 U.S. 578, 581, 44 S.Ct. 204, 68 L.Ed. 458."

Except as modified by this opinion, the original opinion and judgment are re-affirmed.

ESTES, District Judge (dissenting):

Being of the view that the District Judge was right in holding in taxpayer's favor, I am unable to agree with the contrary original opinion and opinion on Petition for Rehearing of the majority. I, therefore, respectfully dissent.