**FIVE LAKES OUTING CLUB,**
**Plaintiff-Appellee,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

**No. 71–1746.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1972.

Decided Oct. 24, 1972.

Rehearing Denied Dec. 8, 1972.

Michael L. Paup, Atty., Tax Division, Dept. of Justice, for defendant-appellant; Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, Thomas L. Stapleton, Attys., Tax Division, Department of Justice, Washington, D. C., W. H. Dillahunty, U. S. Atty., of counsel.

W. Wilson Jones, Rose, Barron, Nash, Williamson, Carroll & Clay, W. Dane Clay, Little Rock, Ark., for plaintiff-appellee.

Before MATTHES, Chief Judge, and LAY and HEANEY, Circuit Judges.

MATTHES, Chief Judge.

The sole issue presented for determination in this case is whether the expenses incurred by a social club in operating its recreational programs at a loss are "ordinary and necessary expenses" of carrying on a "trade or business" and are therefore deductible under 26 U.S.C. § 162(a) from the profits accruing to the club from its nonrecreational, profit-making endeavors.

Plaintiff-appellee Five Lakes Outing Club is an unincorporated, nonprofit association organized in 1901 under the laws of Arkansas to operate a game preserve and related activities for its mem-

bers. In 1955, the Club purchased a 400 acre tract of land adjacent to its property and has subsequently received $12,000 per year in rentals therefrom, while incurring budgeted losses on its recreational operations. The profits from the rental property serve to offset the losses from the Club activities and thus reduce membership dues.

In 1963, the year in question, the Club had farm rental income of $12,000, and related expenses of $3,143.14, and club activities income of $13,380.49, and related expenses of $24,234.80. On its return, the Club combined these items of income and expenses to show a net loss and consequently no taxable income. The Commissioner ruled that the recreational expenses could be deducted only to the extent of the income from the recreational activities and the excess could not be deducted from the rental income. Accordingly, he assessed the Club for the alleged deficiency,[1] which the Club paid. After the Club's claim for a refund was denied, this suit was brought in district court. The court held that all the Club's expenses "constituted ordinary and necessary expenses in carrying on a trade or business" and therefore that all its expenses "were deductible in full against plaintiff's gross income for that year." Five Lakes Outing Club v. United States, No. H 68–C–27, 28 A.F.T. R.2d 71–6007 (E.D.Ark., Oct. 28, 1971). We think this conclusion rests upon an erroneous construction of 26 U.S.C. § 162(a), and therefore reverse and remand.

We begin with the proposition that

"[a]ll deductions, whether with respect to individuals, or corporations, are a matter of legislative grace, and unless the claimed deductions come clearly within the scope of the statute, they are not to be allowed. The burden to make that showing rests upon the taxpayer."

International Trading Co. v. Commissioner of Internal Revenue, 275 F.2d 578, 584 (7th Cir. 1960), citing Deputy v. DuPont, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416 (1939). It is with this dual test in mind that we approach the contentions of the parties.

The Commissioner contends that to constitute a trade or business within the meaning of § 162(a), an activity must be carried on with a motive to profit and that motive must be the primary or dominant purpose of the activity. He contends therefore that the expenses of activities not intended to incur a profit are not the expenses of a trade or business and thus are not deductible under § 162(a) from the profits of other activities of the taxpayer. In support of this proposition he relies upon one case squarely in point, Adirondack League Club v. Commissioner of Internal Revenue, 55 T.C. 796 (1971), aff'd, 458 F.2d 506 (2d Cir. 1972), and the so-called "hobby cases" in which profit-making corporations are not allowed to deduct from the profits of their trade or business the losses from unrelated pleasurable enterprises not intended to make a profit. Some of these cases turn on the view that profit motive is essential to qualify as a trade or business. See, e. g., International Trading Co. v. Commissioner of Internal Revenue, supra; American Properties, Inc. v. Commissioner of Internal Revenue, 262 F.2d 150 (9th Cir. 1958). Others turn on the view that the recreational expenses are not part of the company's business and thus are not ordinary or necessary expenditures thereof, although it could be said to be implicit in these cases that the "hobby" expenses are separate from the business expenses because they lack a profit motive. See, e. g., Transport Mfg. & Equipment Co. v. Commissioner of Internal Revenue, 434 F.2d 373 (8th Cir. 1970); Mel Dar Corp. v. Commissioner of Internal Revenue, 309 F.2d 525

---

1. The Club was also originally assessed for a special assessment levied on the membership in 1963, but the Commissioner stipulated before trial of this cause that the assessment should be treated as a contribution to capital rather than as income.

(9th Cir. 1962), cert. denied, 372 U.S. 941, 83 S.Ct. 933, 9 L.Ed.2d 967 (1963). Thus, the Commissioner's contention limiting "trade or business" to profit-motivated enterprises has substantial support in caselaw.

The Club, however, contends the Commissioner's view has its obvious exception in corporations and associations not intended to earn a profit. The Club contends, as did the unsuccessful taxpayer in *Adirondack League Club, supra,*

> "that the term 'trade or business' must be applied in light of the corporate 'business' of the particular taxpayer. . . . [W]here, as in the present case, expenditures are made in accordance with the corporate objectives, they are paid or incurred 'in carrying on any trade or business' within the intendment of section 162(a), notwithstanding that the corporate objectives do not include a profit motive."

*Adirondack League Club, supra,* 55 T.C. at 807. In support of this view, taxpayer cites a Ninth Circuit case and its progeny. Anaheim Union Water Co. v. Commissioner of Internal Revenue, 321 F.2d 253 (9th Cir. 1963); San Antonio Water Co. v. Riddell, 285 F.Supp. 297 (C.D.Cal.1968), aff'd per curiam, 427 F.2d 713 (9th Cir. 1970); Bear Valley Mutual Water Co. v. Riddell, 283 F.Supp. 949 (C.D.Cal.1968), aff'd per curiam, 427 F.2d 713 (9th Cir. 1970).[2] *But see* Comment, Home Grown Exemption through In-Kind Distribution: Bear Valley Mutual Water Company v. Riddell, 54 Va.L.Rev. 1532 (1968). Although these three cases involved mutual water companies rather than social clubs, all three turned on whether expenses incurred in producing water for sale below cost, i. e., intentionally incurring a loss, could be deducted from the profits from other enterprises. These cases, therefore, are, in the words of the Tax Court, "virtually indistinguishable" from *Adirondack League Club* and the present case.

■■ The issue presented here and in *Adirondack League Club* is most clearly seen in the "hobby cases." In those cases, a corporation organized for profit-making enterprises subsequently engages in recreational activities not intended to make a profit. In the present case the converse is true, an association organized for nonprofit recreational activities subsequently engages in profit-making enterprises. In the "hobby cases" it is clear the nonprofit activities are extraneous to the corporations' trade or business and the decisions turn largely on that fact. But in cases like that presented here, the issues seem less clear because the nonprofit activities are the taxpayer's primary purpose, not extraneous thereto. However, to find these "social club cases" to be distinguishable from the "hobby cases" would be to exalt form over substance. The only issue in either case is whether a corporation can merge the tax consequences of profitable and nonprofit activities simply by putting them under a single corporate roof. That question, of course, turns on whether a profit motive is a prerequisite to deductibility under § 162(a). For the reasons well-stated by the Tax Court, and adopted by the Second Circuit, we agree that it is. See Adirondack League Club, 55 T.C. at 808–809, 815–819, aff'd, 458 F.2d 506.

The taxpayer contends, however, that to find a profit motive essential to deductibility under § 162(a) is to hold

2. The taxpayer also quotes a statement from United States v. Fort Worth Club of Fort Worth, 345 F.2d 52, 57, modified per curiam, 348 F.2d 891 (5th Cir. 1965). The statement does support the *Anaheim* view on which taxpayer relies. However, it is clear the statement was purely dictum. The court in that case was dealing only with a taxpayer's entitlement to exempt status under § 501(c) (7), and therefore answered only the "narrow issue 'was the taxpayer . . .' organized and operated exclusively for pleasure, recreation and other non-profitable purposes.'" 345 F.2d at 53. The question of the deductibility from business profits of the expenses of nonprofit activities was not in issue.

that the Commissioner has no statutory warrant for allowing deduction of the club expenses even to the amount of club revenues and should, or at least could, tax club revenues totally unreduced by club expenses. *See* International Trading Co., *supra,* 275 F.2d at 587–588. One could reply with the old cliche that one should not look a gift horse in the mouth, but we agree with the Tax Court that the result the taxpayer envisions need not follow our construction of § 162(a). First, a new section, 26 U.S. C. § 277, expressly provides that club expenses are deductible up to, and only up to, the extent of club revenues.[3] Thus, the problem posed could arise only as to those taxable years predating § 277 in which the statute of limitations has not yet run. Second, even as to those years, we think for the reasons expressed by the Tax Court that, although the Code did not expressly so provide prior to § 277, the income-producing activities of nonexempt § 501(c)(7) clubs are, for tax purposes, to be considered as being separate from the club's social activities just as the income producing activities of § 501(c)(3) organizations are statutorily separated for tax purposes from their tax-exempt activities. *See* 55 T.C. at 809–813. Indeed, this is the procedure the Commissioner has long used with court approval in the "hobby cases" and those cases have therefore put a gloss on the statute which has been not only acquiesced in by Congress, but also expressly incorporated into the Code as § 277. Accordingly, we think the conceptual problem posed by the taxpayer is not a practical impediment to our holding herein.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

---

3. Taxpayer contends that by embodying in 26 U.S.C. § 277 the theory which the Commissioner presses here, Congress reflected its understanding that for years prior to the effective date of § 277 the Code would not support that result. This conclusion, however, was refuted by the Senate Committee considering the proposed § 277 when it said:

"In adopting this provision, the committee does not intend to create any inference as to the allowability under existing law of a deduction for the excess of such costs over income from members."

S.Rep.No. 91–552, 91st Cong., 1st Sess., p. 75, U.S.Code Cong. & Admin.News, 1969, p. 2104. Accordingly, the adoption of § 277 could just as easily infer that Congress intended to make unambiguous the result it believed the Code already dictated in less direct language.