### GIMBEL v. COMMISSIONER OF INTERNAL REVENUE (three cases).

### Nos. 4599, 4600, 4601.

Circuit Court of Appeals, Third Circuit.

Dec. 21, 1931.

John W. Townsend, of Washington, D. C., C. E. Koss, of New York City, and J. C. Peacock, of Washington, D. C. (Proskauer, Rose & Paskus, of New York City, of counsel), for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Norman D. Keller and J. Louis Monarch, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Dean P. Kimball, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

The question involved in these several cases is whether the Gimbel Brothers' Foundation of Philadelphia is a foundation organized and operated exclusively for charitable and educational purposes within the Revenue Act of 1924 (section 231 [26 USCA § 982 and note]). From an order of the Board of Tax Appeals holding it was not, this appeal was taken.

This foundation, unincorporated, was organized October 16, 1920, by officers and employees of Gimbel Brothers, Inc., of Philadelphia. It has no stock or shares, and collects no dues or assessments. It is sustained by voluntary gifts such as are here involved. Nonvoting membership is open to all employees of that company after twelve months' service, and voting and office holding to employees after twenty years' service. The objects of the foundation are:

"First. To grant Pensions to those who, after twenty-five years of service to Gimbel Brothers, Incorporated, of Philadelphia, and having automatically become members of the Quarter Century Club, shall be chosen for retirement, because of age or infirmity.

"Second. To effect Life Insurance in a standard company for every employe of Gimbel Brothers, Incorporated, of Philadelphia, after one full year of service.

"Third. To invest the Savings of employes of Gimbel Brothers, Incorporated, of Philadelphia.

"Fourth. To extend Relief to employes of Gimbel Brothers, Incorporated, of Philadelphia, through the co-operation of Gimbel Brothers, Incorporated, with the mutual organization of employes known as the Gimbel Brothers Employes' Mutual Aid Society.

"Fifth. To award Scholarships to employes of Gimbel Brothers, Incorporated, of Philadelphia, annually on a system of merit, in institutions giving business and technical education."

In its practical working, the main or dominant purpose of the foundation is the grant of pensions, in addition to which oth-

er objects, such as carrying life insurance of employees, the extension of relief, and educational scholarships at the Wharton School of the University of Pennsylvania, Temple University, and Drexel Institute, are incidents.

This general subject was considered by this court in Estate of Edward W. Bok v. McCaughn (C. C. A.) 42 F.(2d) 616, 619, and Mutual Aid & Benefit Association of Forstmann & Huffmann Employees v. Commissioner of Internal Revenue (C. C. A.) 42 F.(2d) 619.

In view of these cases, to which may be added John R. Sibley, Ex'r, 16 B. T. A. 915; Eagan v. Commissioner (C. C. A.) 43 F.(2d) 881, 71 A. L. R. 863; Y. M. C. A. Retirement Fund, 18 B. T. A. 139, we are of opinion the Board of Tax Appeals was in error, and that the voluntary payments here made to the Gimbel Foundation should be exempted. In reaching the conclusion to exempt these contributions to charity, we feel, as said in the Bok Case, we do not "defeat the obvious purpose of Congress to encourage gifts of the class under consideration," and we are in accord with Horace Binney's definition of charity there quoted, viz.: "Whatever is given for * * * the love of your neighbor * * * given from these motives and to these ends, free from the stain or taint of every consideration that is personal, private, or selfish."