**LINDERMAN et al. v. DRISCOLL, Collector of Internal Revenue.**

No. 9017.

District Court, W. D. Pennsylvania.

Feb. 15, 1939.

Charles Denby, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for plaintiffs.

C. F. Uhl, U. S. Atty., and Orris Bennett, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action to recover $139.40 Social Security taxes paid by plaintiffs un-der the Social Security Act, 42 U.S.C.A. § 301 et seq. The plaintiffs contend that the Buhl Foundation, of which they are managers, is exempt from this tax by virtue of Sec. 811 (b) (8), and Section 907 (c) (7) of the Act.

Section 811 (b) (8), 42 U.S.C.A. § 1011 (b) (8), is as follows:

"(b) The term 'employment' means any service, of whatever nature, performed within the United States by an employee for his employer, except—* * *

"(8) Service performed in the employ of a corporation, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual."

Section 907(c) (7), 42 U.S.C.A. § 1107, (c) (7), contains the same provision as Section 811.

Whether or not the Buhl Foundation is exempt under these quoted provisions of the Social Security Act depends on whether or not its operations bring it within the exemption of the statute.

The facts are briefly these: Henry Buhl, Jr., deceased, by his will duly admitted for probate in Allegheny County, Pennsylvania, established what is known as the "Buhl Foundation." The material portion of the will relating to this foundation is as follows:

"Eighteenth: Whereas my beloved wife, Louise C. Buhl, in her lifetime frequently expressed to me her desire that I should dedicate a substantial portion of my estate to charitable, educational and public uses and purposes, and it is my desire, also, so to do;

"Now, therefore, for these purposes and to these ends, I create and establish the BUHL FOUNDATION, to be managed and controlled by a Board of Four Managers. * * *

"Subject to the several legacies, bequests and devises which I have hereinbefore made, I give, devise and bequeath to * * Managers of the Buhl Foundation, and their successors in the trust, all the residue and remainder of my estate, real and personal and of whatsoever other kind, in trust, however, for such religious, charitable, educational and public uses, objects and purposes as the said Board of Managers of said Buhl

Foundation from time to time shall appoint, order and direct."

Of the funds that came into the hands of the Foundation, the sum of $161,569 was paid in the year 1929 to employees of Boggs & Buhl, Inc., in memory of Henry Buhl, Jr., in appreciation of loyal and faithful service in the mercantile establishment that bears his name. The balance of the funds of the Foundation have been used exclusively for charitable, scientific, literary or educational purposes, having expended to the date of trial of this cause, $632,371.80 in the field of social sciences; $273,000 in the field of natural sciences; $1,404,000 in the field of education; $463,400 in various programs related to public health; $9,400 in program related to housing and city planning, backed by an investment of $1,711,-414.22 in Chatham Village; and $70,000 for the development of social-settlement facilities. The Chatham Village project is operated through the Chatham Realty Company, of which the Buhl Foundation owns all the stock. That corporation pays Social Security taxes on account of its employees. Under its contract with the Buhl Foundation, all its income, after the operating expenses are deducted, is paid to the Buhl Foundation as rent. These funds are mingled with the other incomes of the Foundation, and all is devoted to the philanthropic programs of the Foundation. The Chatham Village project is operated as an important and economic demonstration in the field of housing.

The employees, for whom the Social Security taxes were paid, and which the Foundation is now seeking to recover, are employees of the Foundation proper, and represent office-men, building-superintendent, elevator-men, house-cleaners.

On this state of facts, we are of the opinion that the plaintiff is entitled to recover. The fact that the Foundation made certain donations to employees of Boggs & Buhl, Inc., might even be regarded as a charitable use of the fund. See Gimbel v. Commissioner, 3 Cir., 54 F.2d 780. But even if it were not so regarded, at least the balance of the funds devoted exclusively to charitable, scientific, literary, or educational purposes, would be exempt under the Act. Nor are those purposes changed by reason of the investment of funds in the Chatham Village project. The incomes from that project are still devoted to the purposes of the trust. In addition to that, it would appear that the Chatham Village project is itself within the purposes of the exemptions provided for in the Social Security Act, in that it is an experiment and demonstration of community housing and city planning. The fact that the Foundation owns and operates property from which it derives revenue does not change its character as a charitable foundation under the Act, provided it uses, for the purpose of the Foundation, the incomes so received. See Trinidad v. Sagrada Orden De Predicadores, 263 U.S. 578, 44 S.Ct. 204, 68 L. Ed. 458.

We therefore conclude that the plaintiffs are entitled to recover the Social Security taxes paid by them, with interest.

Findings of fact, Conclusions of Law, and Decree in accordance with this opinion, may be submitted.