Times Publishing Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 18095.   Promulgated September 20, 1949.

*Samuel M. Baker, Esq.*, for the petitioner.
*Albert J. O'Connor, Esq.*, for the respondent.

330

332

OPINION.

BLACK, *Judge*: The issue presented in this proceeding is whether the $10,000 and $2,500 contributions of petitioner in 1944 and 1945, respectively, to the Erie Times Employees Benefit and Pension Fund are allowable deductions from petitioner's gross income. Petitioner contends that these deductions are allowable as an ordinary and necessary expense under section 23 (a) (1) (A) of the Internal Revenue Code.[1] Respondent contends that these contributions, if allowable at all, must first come within section 23 (p) of the Code[2] and that

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(p) CONTRIBUTIONS OF AN EMPLOYER TO AN EMPLOYEES' TRUST OR ANNUITY PLAN AND COMPENSATION UNDER A DEFERRED-PAYMENT PLAN.—

(1) GENERAL RULE.—If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing, or annuity plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under subsection (a) but shall be deductible, if deductible under subsection (a) without regard to this subsection, under this subsection but only to the following extent:

(A) In the taxable year when paid, if the contributions are paid into a pension trust,

section 23 (p) expressly prohibits the deduction of such contributions as petitioner is claiming to be deductible. Respondent's additional argument is that the contributions here involved do not constitute an ordinary and necessary expense under section 23 (a) (1) (A).

The allowance of a deduction from gross income being a matter of legislative grace, a particular deduction will be allowed only if there is a clear provision for it in the law. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. It is necessary, therefore, to find whether there is a provision for the deduction of contributions to an employees' pension fund or as payments under a plan deferring the receipt of compensation to employees such as we have here. Section 23 (p) contains express language as to deductions for such contributions or deferred compensation payments and that section requires that if these items are to be deductible the plan must either conform to section 165 (a) of the code [3] or, if they do not conform to that section, then the employees' rights to the payments must be nonforfeitable at the time the contributions or deferred compensation is paid.[4]

Our first task is to determine whether the contributions which petitioner made in 1944 and 1945 were made to a trust which was exempt under section 165 (a) of the code, printed in the margin.[5] It is clear that the Erie Times Employees Benefit and Pension Fund, to which petitioner made its contributions, was not a trust which falls within the exemption provisions of section 165 (a). That section refers to a trust which has been formed by an employer as part of a stock bonus, pension, or profit-sharing plan inaugurated by the employer. The Erie Times Employees Benefit and Pension Fund was not inaugurated by petitioner, but was set up by petitioner's employees. The trust agreement itself states: "Contributions to the Fund by the Company are not guaranteed and thus cannot be anticipated in any future period." Therefore, it seems clear that, for the above and other reasons, the trust in question is not exempt under section 165 (a). Cf. *Harold G. Perkins*, 8 T. C. 1051.

It may well be true that the Erie Times Employees Benefit and Pension Fund was a trust which was exempt from taxation under section

and if such taxable year ends within or with a taxable year of the trust for which the trust is exempt under section 165 (a), in an amount determined as follows:

\* \* \* \* \* \* \*

(D) In the taxable year when paid, if the plan is not one included in paragraphs (A), (B), or (C), if the employees' rights to or derived from such employer's contribution or such compensation are nonforfeitable at the time the contribution or compensation is paid.

[3] See section 23 (p) (1) (A), (B), (C).

[4] See section 23 (p) (1) (D).

[5] SEC. 165. EMPLOYEES' TRUSTS.

(a) EXEMPTION FROM TAX.—A trust forming part of a stock bonus, pension or profit-sharing plan of an *employer* for the exclusive benefit of his employees or their beneficiaries shall not be taxable under this supplement and no other provision of this supplement shall apply with respect to such trust or to its beneficiary—[Italics supplied.]

\* \* \* \* \* \* \*

101 (16) of the code, as argued by petitioner. We do not have the trust before us as a taxpayer and, therefore, we make no decision in that respect. Section 101 (16) has nothing to do with the question we have here to decide. Section 165 (a) is the exemption statute as to employees' trusts and we decide that the trust was not exempt under that provision of the statute. But it is true that, even if the employees' trust here involved was not one which is exempt under the provisions of section 165 (a), nevertheless, the payments may be deductible if the employees' rights to or derived from such employer's contribution or such compensation were nonforfeitable at the time the contribution or compensation was paid. See section 23 (p) (1) (D), footnote 2, *supra.* Since no employee could share in petitioner's contributions prior to April 3, 1948, and an employee was entitled to receive only the bare refund of his own contributions in the event of death, termination of employment, or default in making payment before that time (or before the completion of 20 years consecutive service with the company), the employees did not have a nonforfeitable right in petitioner's contributions. Cf. *Harold G. Perkins, supra.* We hold, therefore, that the payments by petitioner are not an allowable deduction under section 23 (p).

It is necessary for us to determine whether section 23 (p) is the only section under which contributions to an employees' pension fund or payments under a plan deferring the receipt of compensation are deductible. If section 23 (p) is the only section under which the disputed deduction is allowable, it will not be necessary to determine whether the payments involved herein constituted an ordinary and necessary expense under section 23 (a) (1) (A), as petitioner contends and strongly argues in its brief. Section 23 (p) deals specifically with deductions for payments of the nature of those of petitioner. In accordance with the general canons of statutory interpretation, it could be argued that section 23 (p), being specific, controls the allowance of deductions for the contested payments of petitioner, and that the general language of 23 (a) (1) (A) must give way to the specific limitations of 23 (p). *MacEvoy Co.* v. *United States,* 322 U. S. 107; *Ginsburg & Sons, Inc.* v. *Popkin,* 285 U. S. 204; and *United States* v. *Chase,* 135 U. S. 255. However, since we have held under revenue acts prior to 1942 that some contributions which are not allowable under 23 (p) were allowable under 23 (a) (1) (A),[6] and, since section 23 (p) refers to 23 (a), it seems appropriate that we examine the committee reports and the history of the legislation to find the intent of Congress as to the purpose and scope of section 23 (p), as amended by the 1942 Revenue Act.

---

[6] *Gisholt Machine Co.,* 4 T. C. 699; *Surface Combustion Corporation,* 9 T. C. 631.

Prior to the Revenue Act of 1942 the provisions allowing deductions for contributions to employees' pension trust funds had been the subject of considerable abuse.[7] The committee reports indicate that, in amending the provisions of the code dealing with contributions to pension trust funds and payments under a plan deferring the receipt of compensation, Congress intended, in addition to remedying the existing defects in the law, to make section 23 (p) the exclusive section under which payments in the nature of those of petitioner may be allowed as a deduction.[8] Since section 23 (p) is the exclusive section under which contributions to a pension fund or payments deferring the receipt of compensation are deductible, respondent's disallowance of petitioner's deduction is proper, as petitioner's contributions do not fall within section 23 (p). In the recent case of *Tavannes Watch Co.* v. *Commissioner*, 176 Fed. (2d) 211, the court pointed out that section 23 (p), as amended by the Revenue Act of 1942, is the

---

[7] H. Rept. No. 2333, 77th Cong., 2d sess. (July 14, 1942) :

"18. PENSION TRUSTS AND OTHER RETIREMENT PLANS.

"The present law endeavors to encourage the setting up of retirement benefits by employers for their employees and in pursuance of this policy permits employers to take as a deduction amounts irrevocably set aside in a pension trust or other fund to provide annuities or retirement benefits for superannuated employees. This provision has been considerably abused by the use of discriminatory plans which either cover only a small percentage of the employees or else favor the higher paid or stock-holding employees as against the lower paid or non-stockholding employees." [P. 50.]

[8] H. Rept. No. 2333, 77th Cong., 2d sess. (July 14, 1942) :

"The amendments made by the bill are intended to remedy the two most serious abuses of the pension trust provision as follows :

\*    \*    \*    \*    \*    \*    \*

"In addition, all methods of providing deferred compensation for employees, such as stock bonus and profit-sharing plans and the purchase of annuity contracts directly from insurance companies, as well as pension trusts proper, will be treated on a similar basis [p. 51] :

\*    \*    \*    \*    \*    \*    \*

"The existing provision of section 23 (p) relates to deductions for contributions made by an employer to a pension trust. It provides that contributions made by an employer to a trust that satisfies the requirements of section 165 shall be allowed as a deduction (in addition to the contributions to such trust during the taxable year to cover the pension liability accruing during the year, allowed as a deduction under section 23 (a)) to the extent of a reasonable amount paid into the trust during the taxable year in excess of the contributions deductible under section 23 (a), if such amount has not theretofore been allowable as a deduction, and apportioned in equal parts over a period of 10 consecutive years beginning with the year in which the transfer or payment is made. Thus, it is necessary to determine what contributions are deductible under section 23 (a) in order to cover the pension liability accruing during the year, and then to determine how much is deductible under section 23 (p). It has been decided that in the interest of clarification and administration of the tax laws no deductions should be allowable under section 23 (a) for amounts paid into a pension trust, but all such deductions should be allowable only under section 23 (p).  \*    \*    \*"  [P. 150.]

S. Rept. No. 1631, 77th Cong., 2d sess. (Oct. 2, 1942) :

"If contributions are paid to a trust under a plan and the trust and plan do not meet the requirements of section 165 (a) or are paid for an annuity contract and the annuity contract is not purchased under a plan which meets the requirements of section 165 (a) (3), (4), (5), and (6), the employer will receive no deduction for such amounts so paid or accrued unless the employee's rights are non-forfeitable at the time the contributions are made, in which case the employer may be allowed a deduction for the full contribution in the year in which the contributions are made." [P. 140.]

See also footnote 2, *Gisholt Machine Co.,* 4 T. C. 699 ; Mertens Law of Federal Income Taxation, 1948 Supp., sec. 25.71, p. 226.

exclusive section providing for such deductions as those here claimed. In discussing the amendments contained in the 1942 Act, the court said:

Before the adoption of the Revenue Act of 1942, payments made to employees' profit-sharing funds could be deducted either as "ordinary and necessary" business expenses, under Section 23 (a) of the Code, or under the specific provisions for such deductions of Section 23 (p) of the Code. In the Revenue Act of 1942 Congress forbade any such deduction except in accord with Section 23 (p) of the Code as amended by that Act.

Petitioner and respondent cite several cases in support of their respective contentions as to the allowability of petitioner's contributions as an ordinary and necessary expense under section 23 (a) (1) (A) of the code. Those cases are distinguishable from the instant proceeding in that they involve contributions prior to the amendment of section 23 (p) by section 162 (b) of the Revenue Act of 1942. Because we hold that petitioner's contributions are not allowable under section 23 (p) and that such contributions, if allowable at all, must in the first instance be brought under that section, it is not necessary for us to decide what additional limitations, if any, section 23 (a) (1) (A) imposes on the allowability of these contributions.

Reviewed by the Court.

*Decision will be entered under Rule 50.*