## WEIL CLOTHING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13315.    Promulgated December 1, 1949.

*David Baron, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

874

## OPINION.

Arnold, *Judge*: Petitioner is engaged in the retail clothing business in St. Louis, Missouri. Its employees formed an employees' aid association in 1926 to provide certain benefits for members. In 1943 most of petitioner's employees were members. For many years petitioner contributed to the association amounts equal to the general dues paid in by members, as well as certain group hospital dues, and made contributions for employees' picnics. Petitioner claimed and was allowed deductions in its corporation income tax returns for such payments. In the taxable year 1943 petitioner, in addition to paying $829.50 for these purposes, made a contribution of $12,000 to the association. Respondent allowed the deduction of $829.50, but disallowed the deduction of $12,000, stating that this "extraordinary contribution does not qualify as an allowable deduction under section 23 (a) or any other section of the Internal Revenue Code."

Petitioner's argument is that in 1943 it was difficult to keep experienced employees; that some 13 of its employees had been with petitioner for 18 years or more, and some 29 had been employed for over 6 years; that the Employees' Aid Association, with the benefits it provided for disability, · hospitalization, group insurance, and medical care, was an important factor in retaining the loyalty and good will of its employees; that the loss of some of these employees would be costly to petitioner; that the association did not have the resources to guarantee the payment of the benefits it had undertaken to pay; and that the contribution of $12,000 was made for a business purpose—that of improving and maintaining the morale and loyalty of its employees and providing the association additional funds to meet its undertakings on a basis that was more nearly sound actuarially.

In *Lemuel Scarbrough*, 17 B. T. A. 317, a payment into a sick benefit fund for employees of the taxpayer was held to be an ordinary and necessary business expense where the employer completely parted with control over the fund. In *W. M. Ritter Lumber Co.*, 30 B. T. A. 231, 246–248, payments to employees' committees for welfare work among the employees, the employer having no control over the expenditure of the money, were held deductible as ordinary and necessary business expenses.

In *Gisholt Machine Co.*, 4 T. C. 699, a payment in 1941 into a retirement trust for the benefit of certain employees was held deductible under section 23 (a) as within reasonable compensation for their services. Although the employer named the trustees administering the trust, the employees had specified shares in the fund. In *Surface Combustion Corporation*, 9 T. C. 631, (on appeal, CA–6) the employer made contributions to profit-sharing trusts in which the employees had

stated shares payable to them under certain contingencies, but which were forfeitable if they left the employment or were discharged for cause. The employer named the trustees to administer the fund and could modify the trust if two-thirds of the beneficiaries consented. We held that the payment was deductible under section 23 (a) as reasonable additional compensation for services.

We think that, in accordance with the foregoing cases, the payment here is deductible under section 23 (a) as an ordinary and necessary business expense. The evidence of the length of service of petitioner's employees, the difficulties of procuring and training new employees, the ratio of the questioned payment to the total pay roll for the year, and the apparent need of the funds by the employees' organization to assure the benefits it had undertaken to provide, or to increase those benefits, convince us of that fact.

Respondent makes no contention that section 23 (p) of the Internal Revenue Code applies. This is not a payment under a stock bonus, pension, profit-sharing, or annuity plan or a plan deferring the receipt of compensation. Cf. *Times Publishing Co.*, 13 T. C. 329.

Respondent cites and relies upon *Roberts Filter Manufacturing Co.*, 10 T. C. 26; affd., 174 Fed. (2d) 79, in which we held that a payment to create a trust fund to provide certain benefits for the taxpayer's employees, the fund to be administered by a board of managers having wide powers in determining the benefits and their recipients, was not deductible as an ordinary and necessary expense of the taxpayer's business. There are several important differences between the cited case and the present case. The payment here was to an organization formed and controlled by the employees, who could themselves determine what benefits were to be paid. In the cited case the payment was made to create a trust in which the employer dominated the board of managers controlling the expenditure of the fund and reserved power to modify the trust agreement. The contribution here was but 6½ per cent of the year's pay roll, as compared with about one-third of the pay roll in the *Roberts Filter* case. The petitioner had contributed lesser amounts to the employees' organization for many years, while in the *Roberts Filter* case the payment was the first of such a nature. The petitioner's employees were all eligible for membership in the association and all members were eligible for benefits. In the *Roberts Filter* case employees were not eligible for benefits until they had served for five years. As the Court of Appeals for the Third Circuit pointed out in affirming the Tax Court's decision in the *Roberts Filter* case, the company there:

\* \* \* did little more than promise that, at some time in the indefinite future, it would distribute a fund of uncertain size, in undetermined proportions or amounts, among a fraction of its employees.

In the present case the petitioner in the taxable year parted irrevocably with $12,000, which its employees, through their own organization, may expend for their own benefit as they see fit, and pursuant to the bylaws of that organization. We think this case is not controlled by the *Roberts Filter* case.

Respondent also cites our decision in *Lincoln Electric Co.*, 6 T. C. 37 (reversed (CCA-6), 162 Fed. (2d) 375), where we held that a payment of $1,000,000 into a profit-sharing trust to provide separation allowances, death benefits, or annuities for employees or their families, disbursement being under the orders of a committee named by the employer, was not deductible as an ordinary and necessary business expense or as compensation paid for services rendered. We consider that case inapplicable here. The trust there was created to establish a fund from which the employer, through a committee, could provide separation allowances to employees whom it anticipated it would be forced to drop from its employ. The rights of the employees in that fund we considered too nebulous and uncertain to support a conclusion that they had received compensation in the year of the contribution. We said the action of the employer appeared to be little more than the creation of a reserve for use in future years in making payments to or for such deserving employees as it might choose to benefit. This is not the situation in the present case.

In *Robertson* v. *Steele's Mills*, 172 Fed. (2d) 617; certiorari denied, 338 U. S. 848, the Court of Appeals for the Fourth Circuit held that a payment to establish a trust fund from which a committee named by the employer could make loans to the employees in its discretion, the fund to be distributed at the end of 20 years among employees of 5 years' service as determined by the committee, was not deductible as an ordinary and necessary expense of the taxpayer's business. This decision was in accord with *Roberts Filter Manufacturing Co., supra.* It is not applicable here.

An important distinguishing feature in these cases is the element of control retained by the employer over the use and distribution of the fund. Another is the right and interest in the fund accruing to the individual employee. In the present case no control whatever was retained by the petitioner. While the individual employee acquired no such fixed and measurable interests as in *Gisholt Machine Co., supra,* and *Surface Combustion Corporation, supra,* where their rights were deemed sufficient, despite a measure of control by the employer over the expenditure of the fund, to support the deductibility of the payment the employees here, collectively, had complete control over the allotment and use of the fund.

The respondent argues that the payment here should be treated as a capital investment rather than a deductible expense, as its benefits

to petitioner's employees are not confined to the taxable year, and may apply to employees subsequently hired. However, any such application would not be by the petitioner, as the fund was controlled by the employees. The payment did not result in the acquisition of an asset by petitioner, but actually reduced its resources. It was not a capital investment. While petitioner derived a benefit through the increased good will of its employees likely to result from the contribution, this is not a benefit which should be capitalized. See *Elgin National Watch Co.*, 17 B. T. A. 339; affd., 66 Fed. (2d) 344.

The payment of $12,000 made by the petitioner in 1943 is deductible as an ordinary and necessary expense of petitioner's business.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

LEECH and HILL, *JJ.*, dissent.