T. J. Moss Tie Company, a Corporation, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 32213.    Promulgated May 7, 1952.

*John J. Nangle, Esq.*, and *Edward W. Tobin, Esq.*, for the petitioner.
*George E. Gibson, Esq.*, for the respondent.

192

**OPINION.**

LeMire, *Judge:* The issue presented is whether the amounts contributed by the petitioner to its Employees' Benefit Trust in the respective taxable years involved are allowable deductions from its gross income.

The respondent contends that the trust in question is primarily a profit sharing and pension plan trust, and since the taxable years involved are subsequent to the amendment of section 23 (p) of the Internal Revenue Code by the Revenue Act of 1942, the amounts contributed can be deducted, if at all, only under that section. *Tavannes*

*Watch Co.* v. *Commissioner*, 176 F. 2d 211; *Times Publishing Co.*, 13 T. C. 329, affd. 184 F. 2d 376.

Petitioner contends that its Employees' Benefit Trust is not a pension, profit sharing, stock bonus, or annuity plan, within the meaning or contemplation of sections 165 and 23 (p) of the Code, but an exempt organization and plan organized and operated exclusively for charitable purposes.

If the trust in question is a pension, profit sharing, or annuity plan, the respondent's disallowance of the contested deductions must be sustained.

The provisions of the trust instrument, however, disclose that the primary and sole purpose of the plan was the promotion of social welfare of petitioner's employees. The specific objects of the plan, as set forth in Article III, are to render financial assistance to those employee-beneficiaries who are in need of such assistance by reason of sickness, physical disability, and misfortune; those temporarily unemployed for reasons beyond their control; and members of the immediate family of an employee where his death results in extraordinary financial hardship. The distributions made by the trustees pursuant to the provisions of the trust were made only for such purposes.

Treasury Regulations 111, section 29.23 (p)–1,[1] interpreting section 23 (p) of the Code, provides:

* * * Section 23 (p) does not apply to a plan which does not defer the receipt of compensation. Neither does section 23 (p) apply to deductions for contributions under a plan which is primarily a dismissal wage, or unemployment benefit plan or a sickness, accident, hospitalization, medical expense, recreational, welfare, or similar benefit plan, or a combination thereof. * * *

We think the petitioner's Employees' Benefit Trust is of the character defined in the Regulations as not embraced in section 23 (p) of the Code. Hence, it is not a pension, profit sharing plan within the purview of sections 165 and 23 (p) of the Code.

We, therefore, consider whether the contested deductions are allowable under section 23 (a) (1) (A) as ordinary and necessary expenses of carrying on petitioner's business, or as contributions to a charitable trust, as defined in section 23 (q) of the Code. Section 23 (a) (1) (B), which was added by the Revenue Act of 1938, provides that if contributions are deductible under section 23 (q) they may not be deducted under section 23 (a) (1) (A) as business expenses. Cf. *McDonnell Aircraft Corporation*, 16 T. C. 189.

Petitioner contends that its Employees' Benefit Trust was a charitable trust, and points to the stipulated fact that the respondent at all times has held that the trust was a tax exempt organization under the

---

[1] As amended by T. D. 5666, 1948–2 C. B. 34.

provisions of section 101 (8) of the Code. The fact that an organization qualifies as exempt from tax under the various subdivisions of section 101 does not *per se* make the contributions to such organizations deductible. In order to be deductible under section 23 (q) the contributions must be made to or for the use of "A corporation, trust, or community chest, fund, or foundation, * * * organized and operated exclusively for religious, charitable, scientific, veteran rehabilitation service, literary, or educational purposes or for the prevention of cruelty to children * * *."

We are convinced that the trust in question was organized and operated exclusively for charitable purposes during the taxable years involved. The sole object of the trust was to accept, hold, administer, invest, and disburse its funds for social welfare, a recognized charitable purpose.

The trust is not revocable and the corpus or income thereof cannot revert to the petitioner. In the event of its termination for any reason Article II, paragraph 11, provides that the corporate trustee is "to distribute free from trust all of the assets of the Trust estate to one or more non-profit organizations, formed and operated exclusively for religious, charitable, scientific, literary or educational purposes or for the prevention of cruelty to children or animals or for the promotion of social welfare."

In the case of *John R. Sibley et al., Executors*, 16 B. T. A. 915, we held that contributions made by an individual to a corporation formed for the purpose of extending aid and assistance to the employees of Sibley, Lindsay & Curr Co. were deductible as charitable contributions under section 214 (a) (11) of the Revenue Act of 1921.[2] *Proctor Patterson et al., Executors*, 34 B. T. A. 689; *Mutual Aid & Benefit Ass'n* v. *Commissioner*, 42 F. 2d 619; and *Gimbel* v. *Commissioner*, 54 F. 2d 780.

Since 23 (q) of the Code grants corporations the right to deduct charitable contributions similarly allowed to an individual by section 23 (o), with certain exceptions not material here, we think the rationale of the *Sibley* case, *supra*, is applicable and controlling here. Cf. *Eagan* v. *Commissioner*, 43 F. 2d 881.

We, therefore, hold that the contested deductions constitute contributions of petitioner to a charitable trust within the purview of section 23 (q) of the Code, and are deductible to the extent that such contributions, together with the other contributions made by petitioner in the taxable years involved, do not exceed the 5 per cent limitation prescribed by such section.

*Decision will be entered under Rule 50.*

---

[2] Section 214 (a) (11) of the Revenue Act of 1921 is the forerunner of section 23 (o), Internal Revenue Code, which allows charitable deductions to individual taxpayers. The Revenue Act of 1936 added section 23 (q), now section 23 (q), Internal Revenue Code, granting to corporations the right to deduct charitable contributions.