Isabel Peters, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 40813.    Promulgated October 15, 1953.

R. *Palmer Baker, Jr., Esq.,* for the petitioner.
*Charles M. Greenspan, Esq.,* for the respondent.

58

OPINION.

VAN FOSSAN, *Judge:* The sole issue presented here is whether petitioner's contribution to the Foundation in the taxable year is deductible under section 23 (o) (1) or (2) of the Internal Revenue Code.[1]

The question chiefly argued by the parties on brief is whether or not petitioner's donee was organized and operated exclusively for charitable purposes within the meaning of section 23 (o) (2), *supra.* It is petitioner's position that the evidence adduced herein conclusively establishes the charitable nature of the purposes underlying the organization and operation of the Foundation. To sustain this position, petitioner points to the ruling of the Commissioner exempting the Foundation from income tax under section 101 (8) "* * * as an organization not organized for profit but operated exclusively for the promotion of social welfare * * *," and cites *T. H. Moss Tie Co.*, 18 T. C. 188, in which a contribution made to a trust fund established and maintained for the betterment and welfare of company employees was allowed the donor as a deduction.

It is true that the term "social welfare" encompasses within its meaning a multitude of ends, the promotion of which, while highly commendable, may or may not meet the test of the statute as coming within the category of "charitable," depending on the facts and circumstances peculiar to each. An organization devoted primarily

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

\* \* \* \* \* \* \*

(o) CHARITABLE AND OTHER CONTRIBUTIONS.—In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of:

(1) The United States, any State, Territory, or any political subdivision thereof or the District of Columbia, or any possession of the United States, for exclusively public purposes ;

(2) A corporation, trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof or under the law of the United States or of any State or Territory or of any possession of the United States, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation ;

to social ends does not qualify, but social welfare is a very different thing. The term "social" is narrow and primarily self serving. The term "social welfare" is broad in purpose and entirely unselfish.

The fact that an organization does or does not qualify as tax exempt under one or the other of the subsections of section 101 of the Code is not automatically determinative of the deductibility of contributions thereto under section 23 (o) (2). *T. J. Moss Tie Co., supra.* To be so deductible the organization must, in fact, be organized and operated exclusively for charitable purposes.

The word "charitable" is variable in its connotation depending upon whether it is used in the narrow or broad sense. Charity in its narrow sense includes only gratuities bestowed upon the needy or for the relief of suffering. In its broader meaning, charity is not so limited but also embraces any benevolent or philanthropic objective not prohibited by law or public policy which tends to advance the well-doing and well-being of man. *George E. Turnure*, 9 B. T. A. 871. Also see *Ould* v. *Washington Hospital*, 95 U. S. 303, wherein the Supreme Court cited with approval the following definition of charity used by counsel in *Vidal* v. *Girard*, 2 How. 311:

Whatever is given for the love of God, or the love of your neighbor, in the catholic and universal sense—given from these motives and to these ends, free from the stain or taint of every consideration that is personal, private, or selfish. * * *

The foregoing definition has subsequently found widespread usage in the courts.

The proof in the instant case, in our opinion, establishes that the motives underlying the organization and the operation of the Foundation were free of all personal, private, or selfish considerations. The evidence clearly shows that the dominant purpose in establishing and maintaining the Foundation was to provide convenient swimming and recreation facilities for all persons residing in Cold Spring Harbor school district of the Town of Huntington and especially those who could not afford individually to acquire and maintain such facilities. A contribution was not a prescribed condition to the use of Eagle Dock by any resident of Cold Spring Harbor. It was open to contributors and noncontributors alike. No fees were charged. See *James Irvine*, 46 B. T. A. 246.

In our opinion the Foundation, a nonprofit organization dedicated solely to the promotion of social welfare, should be classified as charitable as that term is used in the statute relied upon. Wherefore, respondent erred in disallowing petitioner's contribution thereto under section 23 (o) (2).

The above holding makes it unnecessary to consider petitioner's argument that her contribution is also properly deductible under sec-

tion 23 (o) (1) as a contribution for the use of a political subdivision of the State of New York.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

MURDOCK, HILL, HARRON, OPPER, and RAUM, *JJ.*, dissent.