ESTATE OF LEONARD O. CARLSON, N. A. CARLSON, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39615. Promulgated November 24, 1953.

*Enoch C. Filer, Esq.*, for the petitioner.
*Edward L. Cobb, Esq.*, for the respondent.

MURDOCK, *Judge:* The Commissioner devotes a large part of his brief to arguments based upon provisions of the will which were to take effect only in case the decedent's wife, Esther, failed to survive him. However, she survived him and those provisions of the will and the arguments of the Commissioner based thereon are irrelevant hereto and require no further comment.

Esther took a life estate in the property bequeathed in the Fifth paragraph of the will and the value of her life estate at the date of the decedent's death can be computed. The value of the stock has been stipulated. Corpus can be invaded only to maintain Esther "in the manner to which she is accustomed" if her income proves insufficient. Cf. *Ithaca Trust Co.* v. *United States*, 279 U. S. 151. The evidence shows that the standard of living to which she was accustomed can easily be maintained by her without invading the principal of this trust, and our interpretation of this provision of the will is that trust principal was not to be used unless her income from all sources should prove insufficient. Cf. *Seacrist's Estate*, 362 Pa. 190, 66 A. 2d 836; *Estate of Bayard H. Christy*, 8 T. C. 862. Her net worth increased $6,281.13 during the 3 years following the death of the decedent and the record as a whole indicates that the requirement that she furnish support for her mother-in-law equal to that furnished by her brother-in-law did not endanger the principal of the trust. The direction that the trustee accept retirement of shares "on receipt of not less than 80%" of current book value was not intended to give the corporation a continuous election to retire these trust shares as it might choose in non-prorata partial liquidations. The provision means that the trustee may accept 80 per cent of book value but not less, if any circumstance occurs under which it is required by the terms of the trust or otherwise to transfer shares to the corporation for retirement. The remaining question is whether the recipient of the remainder in the trust property after the life estate was to receive it exclusively for charitable purposes within the meaning of section 812 (d), under which the deduction in question is claimed.

The entire fund remaining after the life estate is intended in all events to go to the directors of Erie Meter Systems, Inc., "to be used as a Retirement and/or Welfare Fund, the income and/or principal of said Fund to be distributed to employees of Erie Meter Systems, Inc. in any such manner as aforesaid Directors may promulgate after due counsel with a committee representing said employees." It may be concluded fairly that the directors are to be trustees of the fund, *In re Westinghouse's Estate*, 281 N. Y. S. 603, and the will has been so interpreted. The statute allows a deduction for the amount of all bequests to trustees only if the gift is to be used exclusively for named

purposes of which the one material hereto is "charitable." The decedent was free from the personal, private, or selfish motives which would prevent a gift of the remainder from being charitable. A "Welfare Fund" for employees would qualify as exclusively for charitable purposes. *John R. Sibley et al., Executors*, 16 B. T. A. 915; *Proctor Patterson et al., Executors*, 34 B. T. A. 689; *T. J. Moss Tie Co.*, 18 T. C. 188, affd. 201 F. 2d 512. But the directors could choose to use this fund solely as a retirement fund for employees of the corporation without regard to need. This possibility raises the question whether the will limits the uses to those exclusively charitable. Earlier this tribunal would probably have held that it did not. *Mutual Aid & Benefit Ass'n of Forstmann and Huffmann Employees*, 17 B. T. A. 967; *Susan Young Eagan et al., Executors*, 17 B. T. A. 694. However, each of those cases was reversed. *Mutual Aid & Benefit Ass'n of Forstmann and Huffmann Employees* v. *Commissioner*, 42 F. 2d 619; *Eagan* v. *Commissioner*, 43 F. 2d 881. See also *Gimbel* v. *Commissioner*, 54 F. 2d 780, reversing 20 B. T. A. 213; *Bok* v. *McCaughn*, 42 F. 2d 616; *Harrison* v. *Barker Annuity Fund*, 90 F. 2d 286. The foregoing cases have all been cited with approval in later decisions of this tribunal. *Proctor Patterson et al., Executors, supra; T. J. Moss Tie Co., supra.* The present case cannot be satisfactorily distinguished from all of the foregoing cases and upon authority of those cases is decided for the petitioner.

*Decision will be entered under Rule 50.*