**LICHTER et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 11626.

United States Court of Appeals
Sixth Circuit.

Dec. 19, 1952.

Paul W. Steer, Cincinnati, Ohio, for petitioner.

George F. Lynch, Washington, D. C. (Ellis N. Slack and A. F. Prescott, Washington, D. C., on the brief), for respondent.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This petition for review of a decision of the Tax Court of the United States has been heard and considered on the record and on the briefs and oral arguments of the attorneys.

The petition avers that the Tax Court erred in holding that contributions made to a trust created by an instrument executed by a *bona fide* husband and wife partnership are not deductible on the income tax return of the petitioners, doing business as Southern Fireproofing Company, for the taxable years 1942 and 1943.

The findings of fact of the Tax Court are supported by substantial evidence and are accepted here as the facts of the case.

Under the pertinent provisions of the trust instrument, the duties, acts and powers of the Trustee were limited to the instructions given by an Advisory Board consisting of three members appointed by the petitioners to hold office as such until their successors are designated in writing, unless terminated earlier by death or resignation. The trust instrument provided that the property and assets of the trust should not revert to the employer, but that the employer should have the right to amend or modify the trust agreement by instruments in writing directed to the Trustee, whose duties, powers and liabilities should not be substantially changed or increased without the Trustee's written consent.

The instrument provided further that should the employer be judicially declared bankrupt or insolvent, or in the event of "dissolution, merger or consolidation," without provision for the continuance of the trust, the trust property should be distributed or disposed of in accordance with the instructions of the Advisory Board and, after such distribution, the trust should be terminated.

As stated by the Tax Court, the Advisory Board possessed full control over the disposition, allotment, investment or distribution of the trust assets, as well as authority to direct a change in beneficiary. The Trustee was empowered to purchase annuity or life insurance policies on such individuals or groups of individuals as the Advisory Board might direct. The Trustee was granted the right to change a beneficiary to a person, or persons, having an insurable interest in the insured life.

We agree with the Tax Court that, with respect to payments made in 1942, the trust was not for the exclusive benefit of the employees or their beneficiaries within the meaning of section 165(a)(2) of the Internal Revenue Code, 26 U.S.C.A. § 165(a)(2), and such payments were accordingly not deductible under section 23(p)(1)(A) of the Code.

We also agree with the conclusion of the Tax Court that the contributions made to the trust in 1942 and 1943 were not nonforfeitable within the meaning of section 23(p)(1)(D) of the Internal Revenue Code, 26 U.S.C.A. § 23(p)(1)(D).

We reason with the Tax Court, too, that no enforceable beneficial interest is granted to any person by the trust instrument, for the trust assets could be disposed of or distributed in any manner chosen by the Advisory Board in its discretionary power.

In our judgment, the Tax Court correctly held that the deductions claimed by the taxpayers are not allowable; and, therefore, its decision is affirmed.