**SHALITE CORPORATION**

v.

**UNITED STATES of America.**

**Civ. A. No. 5657.**

United States District Court
E. D. Tennessee, N. D.

Feb. 2, 1967.

Elliott D. Adams, Knoxville, Tenn., for plaintiff.

G. Wilson Horde, Asst. U. S. Atty., Knoxville, Tenn., Russell L. Davis, Dept. of Justice, Tax Division, Washington, D. C., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

Shalite Corporation [hereinafter Shalite] filed an action against the Government to recover income taxes and interest in the amount of $3,826.01, plus statutory interest, for the taxable year 1960. The case was submitted on stipulated facts and pleadings.

Shalite is a Tennessee corporation with principal place of business in Knox County, Tennessee. On December 27, 1960 it adopted an Employees Profit-Sharing Plan, hereinafter called Plan. Shalite contributed $6,345.00 to the Plan, $1,000.00 of which was paid in 1960. The balance was accrued December 31, 1960, but was not paid until March 13, 1961.

The employees' rights to Shalite's contributions are set forth in the Trust Agreement of the Shalite Employees Profit-Sharing Plan, which is filed as an exhibit in the record. Article V of the Agreement [1] provided that no employees participate in the Fund until they had completed five years of work with Shalite. They did not participate on 100% basis until they had completed 20 years or more of work. The Article also provided that in the event of death or retirement after an employee had reached 65 years of age, the full amount credited

---

1. "ARTICLE V

*Forfeitable and Non-forfeitable Interests*

1. Allocations to Participants in accordance with the provisions of Article IV shall vest all right, title and interest in and to any part of the assets of the Trust subject to the following provisions:

(a) Upon death, severance due to permanent total disability or retirement at or after sixty-five (65) the full amount credited to a Participant's account shall become vested and non-forfeitable.

(b) Upon severance of employment except as under 1(a) next above or to join the Armed Forces of the United States, if employment of a Participant terminates before his death, disability, or retirement, due to his discharge by reason of dishonesty, embezzlement, fraud, revealing of trade secrets, conspiracy against the Company or participation in Un-American Activities on the part of the Participant, all of his benefits under the Plan shall terminate immediately and completely and all his right, title, equity or interest thereon shall then cease. If employment of a Participant terminates for any reason other than those enumerated in the preceding sentence, the Participant shall be entitled to the amount equal to a percentage, determined in accordance with the following table, of the amount of his

share account as of the date his employment terminates.

| Completed years of Participation | Percentage |
|---|---|
| Less than 5 | 0 |
| 5 | 25 |
| 6 | 30 |
| 7 | 35 |
| 8 | 40 |
| 9 | 45 |
| 10 | 50 |
| 11 | 55 |
| 12 | 60 |
| 13 | 65 |
| 14 | 70 |
| 15 | 75 |
| 16 | 80 |
| 17 | 85 |
| 18 | 90 |
| 19 | 95 |
| 20 or more | 100 |

2. Any forfeited balance remaining in the accounts shall be segregated and apportioned to the accounts of the remaining Participants in the same manner as the Company contribution is allocated for the year in which the forfeiture occurs. The amount of any Participant's interest which becomes vested other than by retirement shall be segregated and may be held for future distribution by installments or otherwise by depositing in a savings bank for the benefit of the Participant or his beneficiaries together with any net income realized thereupon."

to his account shall become vested and nonforfeitable.

If an employee's employment were severed by reason of certain misdeeds set out in Article V, his interest in the funds were forfeited. Any forfeited interest of one or more employees was to be apportioned to the accounts of the remaining participant employees. If he quit his employment before he had participated in the Plan for a total of twenty years, he would receive, as indicated, a percentage only, and not all, of the allocations made to his account. If he quit before he participated five years, he received nothing.

Shalite sought approval of the Plan from the Internal Revenue Service under Section 401 of the Internal Revenue Code of 1954. (26 U.S.C. § 401.)

On July 10, 1961, the Internal Revenue Service determined that the Plan failed to meet the requirements of Section 401 and was, therefore, not entitled to exemption under Section 501. (26 U.S.C. Section 501.)[2]

In March, 1962, the Trust was terminated and the amount of contributions, plus earned income thereon held by the Trustees of the Fund, were distributed to participating employees, none of whom had participated for as many as five years, irrespective of the length of his employment with Shalite. After the termination and distribution each participant reported the amounts received by him as taxable income in his income tax returns for the year 1962.

Shalite filed a tax return for the calendar year 1960 and claimed as a deduction the amount of $6,345.00, which represented the sums contributed by it to the Plan in the years 1960 and 1961. The Commissioner of Internal Revenue disallowed the $6,345.00 deduction for the calendar year 1960 and a deficiency in tax of $3,299.41, plus interest, was assessed on July 2, 1964. The total amount of tax and interest of $3,826.01 was paid on July 8, 1964 and a timely claim for refund was made and disallowed.

The primary question for consideration and determination is whether the profit-sharing fund vested in the employees of Shalite at the time the contributions were made and whether their interest in the Fund was nonforfeitable.

The parties agree that the answer to the question is to be found in a proper interpretation of Section 404(a) (5) of the 1954 Internal Revenue Code. This section provides:

"(5) *Other plans.*—In the taxable year when paid, if the plan is not one included in paragraph (1), (2), or (3), [These paragraphs are not applicable.] if the employees' rights to or derived from such employer's contribution or such compensation are *nonforfeitable* at the time the contribution or compensation is paid." (Emphasis added.)

Under this Section, Shalite was required to meet only one requirement in order to be entitled to a tax deduction, namely, to make "the employees' rights" in the Fund contributed by it nonforfeitable at the time the contribution was made.

Article V of the Trust Agreement, heretofore quoted in Footnote 1, refers to forfeitable and nonforfeitable interest and as previously pointed out, paragraph 1(b) specifically provided that an employee of Shalite shall not participate in the Fund until he had participated in the Plan five years. This raises a question in the Court's mind which was not argued by either counsel whether "participants" would have had any vested interest in the Fund under any circumstances prior to the elapse of five years.

Further, if an individual employee terminated his employment with Shalite before he completed five years of service, all amounts credited to his account would have been forfeited; and in addition he could not have received a full share of

<hr/>

2. "§ 501. *Exemption from tax on corporations, certain trusts, etc.*

(a) *Exemption from taxation.*—An organization described in subsection (c) or (d) of section 401(a) shall be exempt from taxation under this subtitle unless such exemption is denied under section 502, 503, or 504."

the contribution until he had completed at least 20 years' service.

None of Shalite's employees had completed five years' participation in the Plan at the time the $6,345.00 was contributed to the Fund in 1960. So that if it could be said that their rights vested in the Fund when it was contributed such rights were subject to forfeiture until they had participated in the Plan a period of five years. In the Court's view, no rights vested in the Fund until they had participated five years.

Shalite argues that the language of 404(a) (5) does not refer to individual employees but to the rights of employees as a class and that although an individual employee may forfeit his rights, the forfeiture will not enure to the benefit of the employer, but will remain in trust to be shared by the remaining employees and that when the funds were paid in under the Plan they vested in the employees as a class and that their rights as a class were nonforfeitable.

Section 1.404(a)–12 of Treasury Regulations on Income Tax [3] provides that if the payments of an employer under a deferred payment plan are not deductible under subparagraphs (1), (2), or (3) of Section 404(a)—

" * * * they are deductible under paragraph (5) of such subsection to the extent that the *rights of individual employees* to, or derived from, such employer's contribution or such compensation are nonforfeitable at the time the contribution or compensation is paid." (Emphasis added.)

Section 1.402(b)–1(a) (2) (i) [4] defines the word "nonforfeitable" as follows:

"An employee's beneficial interest in the contribution is nonforfeitable with-

3. "Sec. 1.404(a)–12 *Contributions of an employer under a plan that does not meet the requirements of section 401 (a); application of section 404(a) (5).*

Section 404(a) (5) covers all cases for which deductions are allowable under section 404(a) but not allowable under paragraph (1), (2), (3), (4), or (7) of such section. No deduction is allowable under section 404(a) (5) for any contribution paid or accrued by an employer under a stock bonus, pension, profit-sharing, or annuity plan, or for any compensation paid or accrued on account of any employee under a plan deferring the receipt of such compensation, except in the year when paid, and then only to the extent allowable under section 404(a). See § 1.404(a)–1. If payments are made under such a plan and the amounts are not deductible under the other paragraphs of section 404(a), they are deductible under paragraph (5) of such subsection to the extent that the rights of individual employees to, or derived from, such employer's contribution or such compensation are nonforfeitable at the time the contribution or compensation is paid. If unfunded pensions are paid directly to former employees, their rights to such payments are nonforfeitable, and accordingly, such amounts are deductible under section 404(a) (5) when paid. Similarly, if amounts are paid as a death benefit to the beneficiaries of an employee (for example, by continuing his salary for a reasonable period) and if such amounts meet the requirements of section 162 or 212, such amounts are deductible under section 404(a) (5) in any case when they are not deductible under the other paragraphs of section 404(a). As to what constitutes nonforfeitable rights of an employee in other cases, see § 1.402(b)–1. If an amount is accrued but not paid during the taxable year, no deduction is allowable for such amount for such year. If an amount is paid during the taxable year to a trust or under a plan and the employee's rights to such amounts are forfeitable at the time the amount is paid, no deduction is allowable for such amount for any taxable year."

4. "Sec. 1.402(b)–1 [as amended by T.D. 6783, 1965–1 Cum.Bull. 180.] *Treatment of beneficiary of a trust not exempt under section 501(a).*

(a) *Taxation by reason of employer contributions.* * * *

(2) (i) An employee's beneficial interest in the contribution is nonforfeitable within the meaning of sections 402(b), 403(b), 403(c), and 404(a) (5) at the time the contribution is made if there is no contingency under the plan which may cause the employee to lose his rights in the contribution. Similarly, an employee's rights under an annuity contract purchased for him by his employer change from forfeitable to nonforfeitable rights within the meaning of section 403(d) at

in the meaning of sections 402(b), 403 (b), 403(c), and 404(a) (5) *at the time the contribution is made* if there is no contingency under the plan which may cause the *employee to lose his rights in the contribution."* (Emphasis added.)

█ Treasury regulations, if reasonable and not inconsistent with the revenue statutes, are usually sustained. Commissioner of Internal Revenue v. South Texas Company, 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831.

In the case of Mississippi River Fuel Corporation v. Koehler, 266 F.2d 190 (C. A. 8), contributions made to a deferred compensation plan were forfeited by those employees who left the taxpayer's employ without just cause or were discharged for cause. The court held that the contributions were not deductible under the predecessor of Section 404(a) (5). The court observed:

" * * * The fact that the forfeiture was to the remaining employees and not back to the employer still does not make for qualification. * * *" p. 194.

In Wesley Heat Treating Co. v. C. I. R., 267 F.2d 853 (C.A. 7), the court held that the "nonforfeitable" clause applies to the individual employees as opposed to employees as a class.

" * * * '[t]here are no provisions in the trust instruments which vest nonforfeitable rights in petitioners' individual employees and petitioners concede that once an employee left their employ he forfeited his rights to receive any future payments from the trust.' * * *" p. 857.

In Times Publishing Company v. Commissioner, 13 T.C. 329, the plan provided that no employee would be eligible for a

pension until he had worked for the company continuously for twenty years and had contributed to the fund for at least five years. The employer company made two contributions to the fund before the end of five years. The company claimed the right to deduct the sums it had paid under the predecessor to Section 404(a) (5) but the Tax Court held that it was not entitled to such a deduction. The Court of Appeals affirmed.

In William M. Bailey Company v. Commissioner, 15 T.C. 468, affirmed per curiam, 192 F.2d 574 (C.A. 3), the question involved was whether the taxpayer could deduct under the predecessor to Section 404(a) (5) amounts paid to trustees for insurance premiums under a stock bonus plan creating beneficial interests for a small group of taxpayer's key employees which were forfeitable as to each of the individual employees in the group. The Tax Court said that "employees' rights" referred to the rights of individual beneficiaries, and the Court of Appeals in affirming the Tax Court per curiam stated:

"We are satisfied that the amounts so paid are not deductible for the reasons sufficiently stated in the opinion filed in the Tax Court by Judge Opper." (15 T.C. 468).

In H.S.D. Co. v. Kavanagh, 88 F.Supp. 64 (E.D.Mich.) reversed on other grounds, 191 F.2d 831 (C.A. 6), the District Court found that under the facts in the case the rights of the employees were forfeitable at the time the taxpayer contributed to the plan and stated:

"In computing income for the purpose of determining income tax liability, contributions made by an employer to or under a stock bonus, pension or profit sharing plan are deductible

that time when, for the first time, there is no contingency which may cause the employee to lose his rights under the contract. For example, if under the terms of a pension plan, an employee upon termination of his services before the retirement date, whether voluntarily or involuntarily, is entitled to a deferred annuity contract to be purchased with the em-

ployer's contributions made on his behalf, or is entitled to annuity payments which the trustee is obligated to make under the terms of the trust instrument based on the contributions made by the employer on his behalf, the employee's beneficial interest in such contributions is nonforfeitable."

in the year paid only if the trust created under such plan is exempt * * * or, if not so exempt, such contributions are deductible in the year paid only in the case of an employee whose beneficial interest in such contribution is non-forfeitable at the time made. * * * " (Emphasis added.) p. 69.

The case of Lichter v. Commissioner, 17 T.C. 1111, affirmed per curiam, 201 F.2d 49 (C.A. 6), cert. den. 345 U.S. 942, 73 S.Ct. 833, 97 L.Ed. 1368, involved an employer who retained the power to distribute the trust benefits upon the beneficiaries. The court observed that although the trust assets could not revert to the employer and thus the employees as a class had a nonforfeitable right to the contributions, the individual employees did not have a nonforfeitable right to the contributions. The deduction was therefore denied.

█ Thus, it is plain from the foregoing decisions that if the employees' benefits to the fund are forfeitable at the time the employer contributed to the fund, the employer is not entitled to a tax deduction under 404(a) (5).

Counsel for Shalite in spite of the rule laid down in the great majority of the cases contends that the interest of the employees as a class vested in the Fund and were nonforfeitable and that Shalite is entitled to a tax deduction. In support of his argument, he cited the case of Bank of Sheridan v. United States, (Montana), decided November 22, 1963. The full text of the decision is attached to his brief. The sole issue in that case, as stated by the court, was whether the "Robanco Deferred Compensation Profit Sharing Plan" adopted by the plaintiffs qualified under Section 401 of the Internal Revenue Code of 1954 to enable plaintiffs to deduct amounts contributed by them to that plan, and if not, were the contributions deductible under Section 404(a) (5). The court held that the plan did not qualify but also held that the contributions were deductible under Section 404 (a) (5). The court observed that the contributions were deductible where an employee's forfeitures are allocated to the remaining employees instead of reverting back to the employer—stating that this was not the type of forfeiture referred to in Section 404(a) (5). The rights to the contributions were found to be nonforfeitable. We were advised by Government counsel during argument and in his brief that both parties appealed the decision of the District Court to the Ninth Circuit but the appeals were subsequently dismissed pursuant to a settlement of the case.

We are not convinced by the decision in the Bank of Sheridan case. The great majority of the courts which have considered the question have held to the contrary and the reasons for their holdings are persuasive.

█ It appears to us that the language in Section 404(a) (5), "if the employees' rights to or derived from such employer's contribution or such compensation are nonforfeitable at the time the contribution or compensation is paid" (emphasis added), is plain and that under the stipulated facts in this case whatever rights the employees who had not participated in the plan for five years had in the fund were forfeitable as to them during the five-year period or at the time Shalite contributed to the fund.

For the reasons indicated, Shalite's suit must be dismissed.